FIDELITY & DEPOSIT CO. OF MARYLAND v. EXPANDED METAL CO. et al.

(Circuit Court of Appeals, Third Circuit. November 26, 1910.)

No. 1,381.

1. APPEAL AND ERROR (§ 1234*)—SURETY ON APPEAL BOND—EXTENT OF LIABILITY—COSTS.

The surety on a bond given on appeal from a Circuit Court to the Circuit Court of Appeals, conditioned in effect as required by Rev. St. §§ 1000, 1012 (U. S. Comp. St. 1901, pp. 712, 716), and rule 13 of the Circuit Court of Appeals (150 Fed. xxviii, 79 C. C. A. xxviii), that the appellant should prosecute his appeal to effect and to answer all costs if he should fail to make his plea good, is liable not only for the costs in the appellate court, but also for those in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4773; Dec. Dig. § 1234.*]

2. APPEAL AND ERROR (§ 1194*)—COSTS OF APPELLATE COURT—OBJECTIONS IN LOWER COURT.

Costs taxed in the Circuit Court of Appeals without objection cannot be objected to for the first time in the Circuit Court after remand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4655; Dec. Dig. § 1194.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Expanded Metal Company and others against Eugene S. Bradford and others. Appeal by the Fidelity & Deposit Company of Maryland from a judgment (177 Fed. 604) against it for costs. Affirmed.

Stanley Williamson, for appellant.
Ernest Howard Hunter, for appellees.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge. The main question presented in this case is whether the appellant, who became surety on a bond given upon an appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania to this court, is liable on such bond for the costs incurred in the Circuit Court as well as in this court.

The Circuit Court, on a bill filed by the Expanded Metal Company and others, against Eugene S. Bradford and others, granted a decree enjoining the defendant from infringing certain letters patent. The defendants appealed therefrom to this court, and entered into a bond with the appellant as surety in the penal sum of $500 conditioned that, if the defendants "shall prosecute the appeal to effect and answer all

damages and costs if they fail to make their plea good, then the above obligation to be void, else to remain in full force and virtue." The question must be decided by the terms of sections 1000 and 1012 of the Revised Statutes (U. S. Comp. St. 1901, pp. 712, 716), and rule 13 of this court (150 Fed. xxviii, 79 C. C. A. xxviii), which, however, merely follows the statute.

Section 1000 of the Revised Statute provides that:

"Every justice or judge signing a citation on any writ of error shall * * * take good and sufficient security that the plaintiff in error, or the appellant, shall prosecute his writ or appeal to effect, and if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

Section 1012 provides that:

"Appeals from the Circuit Courts and District Courts, acting as Circuit Courts, * * * shall be subject to the same rules, regulations and restrictions as are or may be prescribed in law in cases of writs of error."

It is obvious that section 1012 applies the same rules, regulations, and restrictions to appeals as section 1000 applies to writs of error. The bond in question herein was not strictly in form, since, although not a supersedeas bond, it in term covers both damages and costs; whereas, it should admittedly have covered all costs only. This irregularity, however, is not pressed, and was treated as waived on the argument.

Turning to a consideration of section 1000, it provides, in brief, that, where a bond is to act as a supersedeas, the condition shall be that the obligor, if he fails to make his plea good, shall answer "all damages and costs," but, where it does not act as a supersedeas, he shall answer "all costs only." It seems clear that the phrase "all costs," as used in the two clauses of this section, refer to and include identically the same costs, so that, if the costs of the lower court are covered by a bond which acts as a supersedeas, they are likewise covered by a bond which does not act as a supersedeas. That the costs of the lower court are secured when a supersedeas bond is given has uniformerly been held. The bond is given for "damages and costs"; that is, for such damages and costs as the appellate court may award for the delay and for the amount of the original judgment, if it be a money judgment, with all of the costs in the court below.

Section 1 of rule 13 of this court is of the same form as rule 29 of the United States Supreme Court (29 Sup. Ct. xxi), and obviously requires a bond to secure the costs below, for it provides for two classes of indemnity, first, "where the judgment or decree is for the recovery of money not otherwise secured," in which case indemnity must be given for the whole amount of the judgment or decree including just damages for delay and costs and interest on the appeal; while, in the other class, where the property in controversy necessarily follows the suit as in real actions, replevin, suits on mortgages, and other like cases, indemnity is required only "in an amount sufficient to secure the sum recovered for the use and detention of the property, and the costs of the suit and just damages for delay, and costs and

interest on the appeal." This was the view taken by the Circuit Court of Appeals for the First Circuit, in American Surety Co. v. North Packing and Provision Co., 178 Fed. 810, 102 C. C. A. 258.

There seems to be no reasonable doubt, therefore, that section 1 of rule 13 requires that the bond on appeal or writ of error shall cover the costs of both the upper and lower courts except in cases where from the nature and character of the suit they are otherwise secured. Of.this latter character are the federal cases cited in the brief of the counsel for the appellant, such as Kountze v. Omaha Co., 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609, which was a suit for the foreclosure of a mortgage, and Dexter, Horton & Co. v. Sayward (C. C.) 79 Fed. 237, which was a suit instituted by an attachment against certain property. The reasoning of those cases is therefore inapplicable to the case in hand. They come within the qualification or exception mentioned in the rule. It is not deemed necessary to consider specifically certain other authorities from the state reports, cited by appellant's counsel, for the reason that we are at present dealing with the construction of a federal statute, and with the rules and practice of federal courts. Decisions of the kind just referred to, therefore, no matter how well considered or how greatly entitled they may be to respect in a general way, cannot, since they relate to state statutes, court rules, and practice, be given controlling weight in the decision of this case.

Paragraph 2 of rule 13, as already intimated, follows the second clause of section 1000 of the Revised Statutes and provides for a bond in such sum as the court shall direct "to answer all costs if he shall fail to sustain his appeal." We have already said that we can perceive no distinction between the term "all costs" as used in the statute in connection with supersedeas bonds, and its use in connection with bonds which do not operate as a supersedeas. Such a distinction, if made, would be forced and unnatural and a mere juggling with words. The same is true of rule 13 of this court, which, while somewhat amplifying the statute, after the manner of rule 29 of the United States Supreme Court, nevertheless closely adheres to it. But not only do we find no distinction between the clauses of the statute and of the rule, as to what costs are to be secured by the bonds thereby provided to be given, but after careful consideration we are unable to discern why there should be any such distinction. The clear intent of the statute, as it appears to us, was to provide that in every case of appeal all costs should be secured, and since, as we have seen, the first clause of the statute covers costs both above and below, and the same term in amplest form is carried into the second clause, we feel constrained to give it the same construction there. Furthermore, we have not been referred to any adjudicated case which in terms requires any such distinction to be made; on the contrary, Judge McPherson of this circuit, in The Joseph B. Thomas (D. C.) 158 Fed. 559, held, in a case where a libelant sued in forma pauperis, that the surety on the bond given on appeal was liable for the costs of the lower court.

A single minor point remains for consideration. The judgment was entered in the Circuit Court for the amount of $442.61, included in which were $257.61 of costs in the court below and $185 of costs in the Circuit Court of Appeals. In the item of $185 was included one

of $65.45 for furnishing and certifying a copy of the record to the Supreme Court. Objection is made to this item for the reason that it was not one of the charges necessary to obtain a decision of the case in the Circuit Court of Appeals. Whether that item, however, was properly taxed as a part of the costs, cannot be considered on this appeal. As a matter of fact, it was taxed as a part of the costs in this court, and was permitted to stand unchallenged. If improperly taxed, application should promptly have been made for a retaxation of the costs. Failing this, or otherwise to except to the costs as taxed, the appellant herein was not entitled to raise the objection for the first time in the court below. That court was bound, if it gave judgment at all, to give judgment for the costs as taxed in this court.

The judgment below will be affirmed, with costs.