8042

HOLLIDAY v. HODGE.

AMENDING PLEADINGS—SERVING AMENDED COMPLAINT.—A MAGISTRATE has the power to permit a complaint by a minor for wages, after sustaining demurrer, amended by making his mother a party and alleging that she is the mother of the minor and that his father was dead, and the complaint as amended need not be served on defendant. The Circuit Court may permit the complaint further amended on appeal, and when such amendment is immaterial the defendant may be refused to answer the complaint as then amended, when he had refused to answer it as originally amended.

Before   KLUGH,   J.,   Clarendon,   February,   1910. Affirmed.

Action by Joseph Holliday, by his guardian and Minnie Simpson, against Joseph N. Hodge.   Defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Has defendant the right to answer an amended complaint?* 76 S. C. 15.

*Mr. Charlton DuRant,* contra, cites: *Amendment by magistrate:* 84 S. C. 94.   *Appeals from magistrate are decided on merits, technicalities being disregarded:* 87 S. C. 560; 71 S. C. 413; 85 S. C. 343; 61 S. C. 71; 64 S. C. 224; 55 S. C. 309; 73 S. C. 292.

November 25, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   Joseph Holliday, by his guardian *ad litem* Minnie Simpson, brought this action in a magistrate court to recover wages for his services as a farm laborer in the employ of defendant.

Defendant interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

"In that it appears from the complaint that the plaintiff is a minor and it does not appear that the parent or parents have neglected or refused to supply the plaintiff with a home and living; nor does it appear that the plaintiff was forced to earn his own living; nor does it appear that the parents either by word or act, have waived their rights to the plaintiff's earnings; nor does it appear that the parent or parents consented to the plaintiff making his own agreement and collecting his own wages; nor does it appear that the parents of the plaintiff relinquished any right to the services of the plaintiff."

The magistrate sustained the demurrer, but upon motion of plaintiff's attorney allowed the complaint to be amended by making Minnie Simpson a party plaintiff, with an allegation that she is mother of Joseph Holliday and that his father is dead. The trial was postponed at defendant's request, who claimed to be taken by surprise by the amendment and wished a postponement to prepare for trial. When the case was called for trial on September 4, 1908, defendant objected to the jurisdiction of the Court on the ground that the amended complaint had not been served upon him. This objection was overruled by the magistrate, whereupon defendant refused to answer and withdrew. After testimony in support of the allegations of the amended complaint the magistrate rendered judgment for the plaintiff for forty-eight dollars, directing that the money be paid to Minnie Simpson, mother of plaintiff, for his benefit.

Defendant appealed from the judgment of the magistrate on the grounds that it was improper to allow the amendment as there was nothing to show that Minnie Simpson had any interest in the controversy, or that she was a necessary or proper party, and that the magistrate was without jurisdiction because the amended complaint had not been served upon the defendant. On the hearing of the appeal in the Circuit Court Judge Klugh allowed the complaint to be amended so as to allege further "that the mother, Minnie Simpson, makes no claim to the amount due by defendant and that same belongs to the plaintiff." Thereupon defendant moved for leave to answer the complaint thus amended, which was refused by Judge Klugh on the ground that defendant's wilful default deprived him of the right to further delay, that the last amendment was really immaterial and its denial by defendant would not avail him. Holding that substantial justice had been done, Judge Klugh affirmed the judgment of the magistrate. We find nothing in the exceptions warranting reversal.

That the magistrate had power to allow the amendment after demurrer, and that it was not necessary that the amended complaint should be served upon defendant to give jurisdiction to proceed with the trial, has been settled in the case of *Holliday* v. *Hodge,* 84 S. C. 109, 65 S. E. 1019.

Since Minnie Simpson, the mother, was a party to the case before the magistrate after the amendment in that Court and acquiesced in the judgment rendered, the amendment allowed in the Circuit Court was immaterial.

The judgment of the Circuit Court is affirmed.