## 9282

### HOLLADAY v. HODGE

(88 S. E. 282.)

Bonds. Receivership. Construction.

1. Bonds—Receivership—Construction.—A bond given by defendant to stay the operation of an order appointing a receiver to take charge of so much of certain crops raised by the defendant as might be sufficient to pay plaintiff's claim for wages earned in producing the crops, and conditioned to hold the plaintiff harmless on account of any loss by reason of such stay, to pay plaintiff any sum it might be finally adjudged, he was entitled to. recover from the crops, together with the costs incident to such recovery, secures the payment not only of debt adjudged to be due plaintiff, but of all costs in the action incurred by plaintiff.

2. Bonds—Receivership—Defenses.—In an action on a bond given by defendant to obtain a stay of order appointing a receiver to take charge of crops and prevent delivery to him, and conditioned to hold plaintiff harmless on account of such stay, and to pay any sum finally adjudged due plaintiff, with costs, the defendant is estopped to show the existence of prior liens upon the crops, which would have prevented their application to plaintiff's judgment.

3. Appeal and Error—Stay Bond—Construction—Appointment of Receiver.—The meaning of a bond given by defendant as a condition to a stay of operation of an order appointing a receiver pending appeal was to be gathered from the words of the entire bond.

4. Appeal and Error — Stay Bond — Construction — Reference to Order.—Such bond was to be read in the light of the. order which directed it to be made, and in the light of the controversy out of which the order sprang.

5. Appeal and Error—Bound to Stay Order—Action—Recovery.— Plaintiff recovered a money judgment against defendants for farm labor, and his satisfaction thereof out of the crop then in defend-

ants' hands was prohibited by the Circuit Court, and an order for the appointment of a receiver to hold the crop to pay his judgment was halted by a stay pending the Supreme Court's decision as to whether the order appointing the receiver was rightly allowed and a bond was required conditioned that defendant should hold plaintiff harmless from any loss occurring by reason of the order, to pay plaintiff any sum which he might be finally adjudged to recover from the crops, and the costs incident to such recovery. The judgment for plaintiff's debt was affirmed, the order of prohibition was reversed, and the order appointing a receiver was affirmed. *Held,* in a suit on the bond, that plaintiff might recover the costs, and the sum adjudged to be recoverable from the crops; and that it was no answer that even if plaintiff had gotten the crops, prior. liens would have prevented any payment upon his judgment.

Before BOWMAN, J., Manning, January, 1915. Affirmed.

Action on bond by Joseph Holladay against Joseph N. Hodge and others. From judgment for plaintiff, defendants appeal. The facts are stated in the opinion.

The order under which the bond was given, and the bond in question, were as follows:

The defendants moved before me at my chambers, in Marion, South Carolina, for an order staying the operation of the order appointing a receiver in the above entitled cause, pending the appeal therefrom to the Supreme Court of the State of South Carolina.

After hearing argument on behalf of the motion, and after a careful consideration of the same;

It is ordered, that the operation of the order of his Honor, Judge R. C. Watts, made in the above entitled cause, appointing S. Oliver O'Bryan receiver, be, and the same is, hereby stayed, until the appeal therefrom has been heard and determined, and that the receiver shall not take any further steps thereunder.

It is further ordered, that this order shall be effective upon the defendant, J. N. Hodge, executing a bond in the sum of two hundred dollars, with sufficient surety to be

approved by the clerk of the Court of Common Pleas for Clarendon county, conditioned that he will hold the plaintiff harmless from any loss that may occur by reason of this order, and pay to the plaintiff any sum to which it may be finally adjudged the plaintiff is entitled to recover from the crops on the land described in the complaint, together with the costs incident to said recovery.

It is further ordered, that the plaintiff may move to annul or modify this order upon four days' notice to the defendants' counsel. C. A. Woods, Associate Justice.

Whereas, His Honor, Associate Justice C. A. Woods, on October 23, 1908, issued an order staying the order of his Honor, Judge R. C. Watts, appointing Oliver S. O'Bryan receiver in the above entitled cause; and,

Whereas, Said order of his Honor, Associate Justice Woods, provided that said order should become effective upon the defendant, Joseph N. Hodge, executing a bond in the sum of two hundred dollars, with sufficient surety, to be approved by the clerk of the Court of Common Pleas for Clarendon county, conditioned to hold the plaintiff harmless from any loss that might occur by reason of said order, and to pay to the plaintiff any sum to which it may be finally adjudged that the plaintiff is entitled to recover from the crops on the land described in the complaint, together with the costs incident to said recovery:

Now, know all men by these presents, that we, Joseph N. Hodge as principal, and J. P. Booth and Martha Hodge as surety, are held and firmly bound unto Joseph Holladay, the plaintiff in the above entitled cause, in the penal sum of two hundred dollars, to be paid to the said Joseph Holladay, his executors, administrators and assigns, to which payment well and truly to be made and done, we bind ourselves and each and every one of our heirs, executors and administrators, jointly and severally, firmly by these presents.

Sealed with our seals and dated at Sumter, S. C., the 24th day of October, A. D. 1908.

Conditioned to hold the plaintiff harmless from any loss that may occur to him by reason of the order of his Honor, Associate Justice C. A. Woods, above referred to, and to pay to the plaintiff, his executors, administrators or assigns, any sum to which it may be finally adjudged that he is entitled to recover from the crops on the land described in the complaint in the above entitled cause, together with the costs incident to said recovery, without fraud or further delay, then the above obligation to be void and of none effect, or else to remain in full force and virtue. J. N. Hodge, J. P. Booth, Martha Hodge.

*Messrs. L. D. Jennings* and *R. D. Epps,* for appellants, submit: *Bond stands in place of crop. Plaintiff had no lien:* 79 S. C. 103; 84 S. C. 109, 111. *Only costs incident to a recovery out of the crop were contemplated.*

*Mr. Charlton DuRant,* for respondent, submits: *Defendants cannot make plaintiff litigate with them amounts claimed to be due third parties, as alleged lienholders on the crops.*

February 29, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Plaintiff sued defendant on a bond and the Circuit Court directed a verdict for the plaintiff.

The bond was made pursuant to an order of Mr. Justice Woods, and the only issue before the Circuit Court was had the bond been breached.

The cause has been much litigated. See 84 S. C. 91, 65 S. E. 952; 84 S. C. 109, 65 S. E. 1019, and 90 S. C. 106, 72 S. E. 884. The history of it, therefore, needs not to be much repeated in this place.

The plaintiff was a farm laborer, he worked the defendant's lands in 1908, he was not paid; he sued the defendant to judgment, and secured the appointment of a receiver to hold the crop and pay his judgment.

Mr. Justice Woods stayed the execution of the order appointing a receiver until this Court could determine if it was rightly allowed; and pending that decision (which turned out to be an affirmance of the order) Mr. Justice, Woods exacted a bond from the defendant; and that is, the instrument now sued on. The bond will be reported, as will the order of Mr. Justice Woods.

Whether the bond has been breached, depends upon the meaning of the entire instrument, to be gathered from the words of it. And the bond must be read in the light of the order which directed it to be made, and in the light of the controversy out of which the order sprang.

Holladay had recovered a judgment before a magistrate against Hodge for $48.00, and was proceeding to satisfy it out of the crops then in Hodge's hands; first by those processes available to a magistrate's Court, which processes were halted by prohibition of the Circuit Judge; and next by remedy of a receivership, which remedy was presently halted by an appeal and the allowance of this order in issue.

The judgment for Holladay's debt was affirmed by this Court; the order of prohibition was reversed by this Court; the order appointing a receiver was affirmed by this Court.

The order of Justice Woods directed that the bond be so conditioned that Hodge should hold Holladay (1) harmless from any loss that might occur by reason of the order, and (2) pay to Holladay any sum which it may be finally adjudged Holladay is entitled to recover from the crops, and (3) together with the costs incident to said recovery. The numerals are added. The bond followed the words of the order.

The issue made by the appeal is (1) that Hodge ought not to have been denied, as he was denied, the right to

prove in the present action, that even if Holladay had got hold of the crops yet prior liens upon them would have prevented any payment upon his judgment; and (2) the bond was not conditioned to indemnify the plaintiff for the three appeals and the other costs in the several actions, but only to stand in place of the crop.

The defendant's view of the issue was also stated by Mr. Jennings at the trial of this case on Circuit and pending a direction of the verdict.

He then said: "We want to state on the record that our contention is that this bond does not cover Supreme Court costs and costs of that kind, but simply provides to hold the plaintiff harmless by reason of this particular order in this proceeding, and the costs taxed in the case incidental in this particular matter are not covered by this bond, and they are only entitled to $48 and interest on that."

They would confine the plaintiff to one procedure on the whole case, and that to appoint a receiver.

Before this action on the bond there was only one case, that by Holladay against Hodge, to collect a debt for labor done. Hodge carried that case to this Court and lost, Holladay proceeded in that case to subject the crops to payment of the debt; and Hodge halted that remedy by prohibition, and that was tried in this Court too, and Hodge lost. Holladay then proceeded in the same case to have a receiver take the crops and pay the debt due to him; and Hodge halted that remedy, and then substituted the bond in issue.

So it is one case with many features, and Holladay won on the whole case. The several issues made in the cause and fought out are not separable. Hodge was not willing for the contest to proceed on the lines Holladay marked out. He halted Hodge, and put the bond to answer the final event.

That instrument holds the makers to pay "the costs incident to the said recovery."

Part of the recovery was to sustain the judgment for the debt; that was done and it is not denied that the bond must respond to that.

Another part of the recovery was to sustain the procedure before the magistrate to subject the crops to that judgment.

Another part of the recovery was to have a receiver to take the crops and pay the debt.

At the wind up, when all the plaintiff's demands in the one case have been sustained; and after a bond was exacted by the Court to pay costs incident to such a recovery; the answer is, there was no use of a bond because if the plaintiff had proceeded unmolested in all his remedies he could not have collected his debt, because the crop belongs to another.

When the bondsman came betwixt the contending parties, and halted the order of the contest, he can hardly escape liability by saying the party plaintiff would have lost at all events. The record estops him to say that.

The argument of the appellant that had no bond been given the plaintiff's position would have been no worse, is begging the question. The bond was given, and it betters the plaintiff's position.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. JUSTICE FRASER was disqualified and did not sit in this case.