REDERIAKTIEBOLAGET AMIE v. UNIVERSAL TRANSP. CO., Inc.

(Circuit Court of Appeals, Second Circuit. August 20, 1917.)

1. COURTS ☞405(1)—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—PRACTICE.

Appeals and writs of error are to be taken to the Circuit Court of Appeals in the manner practiced in the Supreme Court before 1891.

2. APPEAL AND ERROR ☞399—"WRIT OF ERROR"—FUNCTIONS—"CITATION."

A writ of error operates proprio vigore to remove the record, while the citation gives notice to the parties and brings them into court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citation; Writ of Error.]

3. COURTS ☞405(14)—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—WRIT OF ERROR—PERFECTION.

Under Rev. St. § 1000 (Comp. St. 1916, § 1660), declaring that every justice or judge signing a citation on any writ of error shall, except in cases brought by the United States, or under the direction of any department of the government, take good and sufficient security that plaintiff in error or appellant shall prosecute his writ or appeal to effect, and if he fail shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs where it is not a supersedeas, a writ of error, but for Supreme Court rule 29 (32 Sup. Ct. xii), of which rule 13 for the Circuit Courts of Appeals (150 Fed. xxviii, 79 C. C. A. xxviii), is a copy, and which declares that supersedeas bonds in District Courts and Circuit Courts of Appeals must be taken, with good and sufficient security, that plaintiff in error or appellant shall prosecute his writ of error to effect, and answer all damages and costs if he fails to make his plea good, might be perfected and the cause heard without any security at all, except for costs.

4. COURTS ☞405(15)—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—WRIT OF ERROR—SUPERSEDEAS BOND.

Under Supreme Court rule 29, of which rule 13 for the Circuit Court of Appeals is a copy, and which requires the giving of a supersedeas bond, the failure of plaintiff in error to give a supersedeas bond does not, as but for the rule the writ of error might be prosecuted, under Rev. St. § 1000 (Comp. St. 1916, § 1660), without giving such bond, affect the jurisdiction of the Circuit Court of Appeals, for the writ of error of itself removes the cause, and the failure to give such bond is a mere irregularity, and so it is within the power of any Circuit Judge or judge of the Circuit Court of Appeals to fix such bond after expiration of the 60-day period prescribed by section 1007 (section 1666).

5. COURTS ☞405(15)—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—WRIT OF ERROR—SUPERSEDEAS BOND—AMOUNT.

Where the judge signing a writ of error and citation fixed the amount of the supersedeas bond by formal order, a judge of the Circuit Court of Appeals will not interfere with the amount fixed in the order for the supersedeas bond, though plaintiffs in error induced such judge to sign

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the citation without producing the bond, for, such judge having made a decision, a subsequent judge should not interfere therewith.

6. ATTACHMENT ⊕⇒1—PERSONAL ACTION—NATURE OF.

Where there was personal service on defendant, though its property was attached, the action is a personal one; the attachment being for purposes of security only.

7. COURTS ⊕⇒405(15)—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—WRIT OF ERROR—SUPERSEDEAS BOND.

Plaintiff in error instituted an action against defendant by personal service, but attached defendant's interest in a ship over and above a maritime lien. The ship was discharged, both from the lien and from the attachment, by the execution and filing of one instrument, which first secured the maritime lien, and, junior to that lien, the attachment and ensuing judgment pro tanto. *Held* that, despite the unique nature of the security and that as plaintiff's attachment of the ship was accidental he had the right to issue execution on rendition of a judgment, and a supersedeas bond was necessary, under rule 13 for Circuit Courts of Appeals, where defendant sued out a writ of error.

In Error to the District Court of the United States for the Southern District of New York.

A writ of error to the District Court for the Southern District of New York having been taken out by plaintiff in error (defendant below), the same having been allowed and citation issued, a motion is made in this court to "fix the amount of the supersedeas bond to be given in this case." Plaintiff restrained from issuing execution, provided defendant completes its security within 10 days from filing the order.

Saul S. Myers and Thomas B. Nixon, both of New York City, for plaintiff in error.

Kirlin, Woolsey & Hickox, of New York City, for defendant in error.

Before HOUGH, Circuit Judge.

HOUGH, Circuit Judge. This motion having been duly made before me, it is thought to be my duty to hear it. That, however, does not assume that I have, therefore, any power to grant the relief moved for.

[1] Whether a single judge of the Court of Appeals has power to regulate procedure on appeal in the way here demanded is not plain on the face of the statute; yet this much may be spelled out. Appeals and writs of error are to be taken to the Circuit Court of Appeals in the manner practiced in the Supreme Court before 1891. In similar proceedings in the Supreme Court in Peugh v. Davis, 110 U. S. 227, 4 Sup. Ct. 17, 28 L. Ed. 127, it was held that where an appeal had been allowed, but no security taken, a judge of the appellate court might take it more than 60 days after decree entered. No reason appears why the same might not be done on a writ of error.

In this case a writ was allowed and citation signed, and further an order was entered in the District Court fixing the amount of the bond to stay execution (commonly called a supersedeas bond); but the question remains, whether noncompliance with that order prevented the writ and citation from having their usual effect. The result of plain-

tiff in error's argument is that noncompliance with the order of L. Hand, J., leaves the writ and citation operative, and entitles this court or a judge thereof to fix the bond, even at a figure utterly variant from that directed by the court below.

[2, 3] A writ of error operates proprio vigore to remove the record; a citation gives notice to the parties and brings them into court. Atherton v. Fowler, 91 U. S. 143, 23 L. Ed. 265; Cohen v. Virginia, 6 Wheat. 264, 5 L. Ed. 257. There is no doubt that (so far as statute is concerned) the plaintiff in error may review by writ a judgment at law, without seeking to stay execution on the judgment; i. e., without supersedeas. It therefore appears clear that, but for the operation of Supreme Court rule 29 (32 Sup. Ct. xii), of which our rule 13 (150 Fed. xxviii, 79 C. C. A. xxviii) is a copy, a writ may be perfected and the cause heard regularly without any security at all, except for costs, under R. S. § 1000 (Comp. St. 1916, § 1660).

[4] The nature of supersedeas and the origin of our use of the word is fully shown in Omaha Hotel Co. v. Kountze, 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609. Rule 29 was passed cotemporaneously with the decision in Rubber Co. v. Goodyear, 6 Wall. 153, 18 L. Ed. 762 (see this stated in Jerome v. McCarter, 21 Wall. 17, 30, 22 L. Ed. 515), and in order to quiet disputes which had prevailed in the Supreme Court itself as to whether the rule of Catlett v. Brodie, 9 Wheat. 553, 6 L. Ed. 158 (an action at law), applied to equity suits, and especially to foreclosures, ejectments, etc. The cases heretofore cited show directly or by reference the history of this difference of opinion concerning what is now section 1000, R. S., and was originally a section of the Judiciary Act of 1789. In the condition of practice created by rule 29, Brown v. McConnell, 124 U. S. 489, 8 Sup. Ct. 559, 31 L. Ed. 495, was decided, pointing out that a writ of error is process of the appellate court, while an appeal may be taken without any Supreme Court action at all, and further that security (which is what in our phrase "works a supersedeas") is given under R. S. § 1000, on signing citation, and that failure to take it is irregularity only, not "necessarily avoiding citation," and not affecting jurisdiction.

We must construe rule 13, C. C. A., as the Supreme Court has done, with rule 29, S. C. Under such construction, I think that the writ and citation herein have duly removed the record to and brought the parties into this court without any supersedeas bond; that such lack does not affect our jurisdiction, but is an irregularity, and leaves it within the power of any Circuit Judge of the circuit, or of the Circuit Court of Appeals itself, to fix such bond, even after the 60-day period of R. S. § 1007 (Comp. St. 1916, § 1666), has expired. What, under rule 13, the court would, should, or could do with the case, if no full bond is ever given, is not before me, and I express no opinion. Such opinion would depend (1) on a construction of rule 13 not now involved, and (2) on the power of this court to pass rule 13, or of the Supreme Court to pass rule 29, and in effect (perhaps) refuse longer to hear appeals and writs in which no security exists, or is given, except for costs.

[5] The first inquiry here is: How did this irregularity which gives me jurisdiction occur? None was intended, for when L. Hand, J.,

signed writ and citation, he fixed the amount of the supersedeas bond by formal order, which these plaintiffs in error have refused to obey. This sort of order is the common practice, and judges assume that the order entered is enough; never before have I known a citation availed of without complying with the cotemporaneous order as to security.

The reason for this singularity is that Hand, J.'s order is said to be so plainly in the face of rule 13 as to be null, wherefore in effect no lawful order was made, and this application is made on a (legally) clean slate. The argument for this application is not put just that way, but such is its necessary logical implication. I shall not stop to discuss the admissibility of such contention. I am satisfied of my jurisdiction, and there are two reasons why the action of Hand, J., will stand so far as I am concerned:

(1) His relation to this case on writ is just the same as mine might have been. I could have allowed the writ, signed the citation, and taken the security; so could any other Circuit Judge or District Judge sitting in the Southern district of New York. Plaintiff in error chose to go to Judge Hand, and he made decision. As matter of discretion and of law I would refuse to review his action when sitting alone. Plaintiff in error should take nothing by the fact that the citation was signed, without actually seeing the bond, for it is beyond all doubt that such actual production of a "good and sufficient" bond might have been insisted on as strict matter of law, before any judge affixed his name to any citation.

[6, 7] (2) I agree with Hand, J., as to the construction of rule 13. This is an action at law in which an attachment issued. There was personal service of defendant below, or its equivalent; therefore the attachment was no more than mesne process and the attached property only security (so far as it goes) for a judgment in personam. The attached property was whatever defendant below owned in a ship, over and above a maritime lien which has now ripened into a final decree for about one-third of the value of the vessel. The ship was discharged both of the maritime lien and from the attachment herein by the execution and filing of one rather hybrid document for her total value. In form that document is a stipulation for value, and from its tenor I think it clear that it first secures the maritime lien, and junior to that lien the attachment and ensuing judgment pro tanto.

But the usual clauses of an admiralty stipulation apply to both the admiralty case and common-law action; it is a continuing security in both trial and appellate courts, and is not collectible after appeal or writ taken until the appellate court has spoken favorably to libelants and original plaintiffs. Therefore here by an unusual but clear undertaking defendants below have given partial security,—the action otherwise is an ordinary common-law suit in personam (Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931), and not one in which "the property in controversy necessarily follows the suit." That phrase (even without the illustrations given by the rule itself) refers to suits seeking to recover specific property or adjudicate liens in or rights to some particular realty or chattels. This is no such case. Plaintiff below happened to attach a ship; he might as well have attached a credit or anything

else belonging to his opponent—the warrant was general; the ship accidental.

The result is that the order of Hand, J., was right. Defendant in error has the right to issue execution as therein permitted. Such right will be enjoined if plaintiff in error completes its security within 10 days from filing order hereon. Security is fixed at the figure named in Hand, J.'s order. New order filed herewith.