## PACIFIC COAST CASUALTY CO. v. HARVEY.

(Circuit Court of Appeals, Ninth Circuit.   May 6, 1918.)

No. 3069.

1. BANKRUPTCY ☞306—APPEAL BY TRUSTEE—SUPERSEDEAS BOND.

Under Bankruptcy Act, § 25c (Comp. St. 1916, § 9609), where a trustee in bankruptcy appeals from or brings error to review a decree or judgment, the same will be considered, though no supersedeas bond is given.

2. BANKRUPTCY ☞306—APPEAL BY TRUSTEE—SUPERSEDEAS BOND—ENFORCEMENT.

Bankruptcy Act, § 25c (Comp. St. 1916, § 9609), relieving a trustee in bankruptcy from giving bond on appeal or writ of error, does not relieve him of the obligation to give a supersedeas bond, as required by Rev. St. §§ 1000, 1007 (Comp. St. 1916, §§ 1660, 1666), and if the trustee secures a supersedeas, giving bond, it is enforceable.

3. APPEAL AND ERROR ☞458(1)—SUPERSEDEAS—PROVISION FOR.

Where a trustee in bankruptcy desires a supersedeas, he may obtain the same upon giving a bond in compliance with Rev. St. §§ 1000, 1007 (Comp. St. 1916, §§ 1660, 1666), though the order allowing the appeal imposed no condition with respect to the appeal.

4. APPEAL AND ERROR ☞1224—SUPERSEDEAS BOND—ENFORCEMENT.

Where a trustee in bankruptcy appealed to the Supreme Court from a decision of the Circuit Court of Appeals reversing a judgment in his favor, giving a supersedeas bond, *held* that, as the decree appealed from awarded costs, etc., enforcement of the bond cannot be denied, on the ground that there was no judgment or decree on which execution could issue.

5. APPEAL AND ERROR ☞1224—SUPERSEDEAS BOND—ENFORCEMENT.

In view of Supreme Court rule 29 (33 Sup. Ct. xxvi), enforcement of a supersedeas bond given on appeal from a decree of the Circuit Court of Appeals, reversing a decree of the District Court, cannot be denied on the theory that such intermediate decree could embrace nothing to be superseded, where it awarded costs in favor of the successful party and was affirmed by the Supreme Court.

6. APPEAL AND ERROR ☞1224—SUPERSEDEAS BOND—TAXATION OF COSTS.

The enforcement of a supersedeas bond given on appeal to the Supreme Court from a decision of the Circuit Court of Appeals, which awarded costs in favor of the successful party, is not affected by the fact that at the time the bond was given the costs had not been taxed, for that was part of the proceedings stayed.

7. APPEAL AND ERROR ☞1224—SUPERSEDEAS BOND—ESTOPPEL.

Where a supersedeas bond recited the rendition and entry of the decree, the sureties are estopped in a proceeding thereon from questioning the bond by collaterally attacking the decree.

8. APPEAL AND ERROR ☞1234(5)—SUPERSEDEAS BOND—CONSTRUCTION.

In view of Supreme Court rule 29 (33 Sup. Ct. xxvi) and Circuit Court of Appeals rule 13 (198 Fed. xxii, 115 C. C. A. xxii), a supersedeas bond covers any money not otherwise secured, awarded by the judgment or decree appealed from, as well as costs or damages on appeal, and so includes costs in the lower court.

Appeal from and in Error to the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Petition by Daniel Combs against the Pacific Coast Casualty Company, a corporation, upon which a receiver was appointed. The claim

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of S. G. Harvey was allowed, and the Pacific Coast Casualty Company, through its receiver, appeals and brings error. Affirmed.

Bert Schlesinger, A. E. Shaw. and Edwin H. Williams, all of San Francisco, Cal., for appellant and plaintiff in error.

Charles S. Wheeler and John F. Bowie. both of San Francisco, Cal. (Nathan Moran, of San Francisco, Cal., of counsel), for appellee and defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT. Circuit Judge. Appellant is a surety on a supersedeas bond given in a proceeding wherein one Stowe, trustee in bankruptcy of the estate of J. D. Harvey, made a claim against Mrs. S. G. Harvey. The trustee obtained judgment in the District Court, but upon appeal this court reversed the decree and ordered the cause dismissed, with costs, and that Mrs. Harvey have execution therefor. Harvey v. Stowe, 219 Fed. 17, 134 C. C. A. 635. The clerk of the District Court held in his custody, "in part lieu of a supersedeas bond on appeal" from the decree of the District Court, certain shares of corporate stock which were the subject-matter of the litigation. The trustee then appealed to the Supreme Court of the United States, and on appeal from the decision of this court the Pacific Coast Casualty Company, appellant, gave a bond unto S. G. Harvey in the sum of $5,000, the condition of which was as follows:

" * * * That if the said appellant shall prosecute said appeal to effect and answer all damages and costs if he fail to make said appeal good, then the above obligation shall be void; otherwise, to remain in full force and effect."

In the order allowing appeal to the Supreme Court it was ordered that the appeal should operate as a supersedeas upon the petitioner filing a bond in the sum of $5,000. The Supreme Court affirmed the judgment of this court (Stowe v. Harvey, 241 U. S. 199, 36 Sup. Ct. 541, 60 L. Ed. 953), and sent its mandate direct to the District Court for the Northern District of California, and ordered that the action of Stowe, trustee in bankruptcy, against Mrs. S. G. Harvey, be dismissed. Thereupon such action was dismissed, with costs to Mrs. S. G. Harvey. Thereafter Mrs. S. G. Harvey filed her bill of costs, all of which had been incurred prior to the giving of the bond. The District Court allowed her claim, with interest, against the estate in the receiver's hands, and the receiver of the Casualty Company seeks review.

The errors specified are: (1) That under section 25c of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9609]) a trustee in bankruptcy is not required to give bond when he takes appeal or sues out writ of error, and that the order requiring the trustee to give bond "as a condition" to allowing his appeal was in contradiction of the statute; and (2) that, when appeal from the decision of the Circuit Court of Appeals was taken by the trustee, there was no judgment in existence against him upon which an execution could issue, in that the judgment of the District Court was in his favor,

and was not reversed until after the whole case had been heard and decided by the Supreme Court, and that as a consequence the bond given could not operate as a supersedeas, as there was no possibility of a writ of execution issuing against the trustee until. after his appeal had been finally determined.

[1-3] Appellant evidently misunderstands the situation when he assumes that the court required the trustee in bankruptcy to give bond as a condition to allowing his appeal. The court allowed the appeal as prayed, and also ordered:

"That this shall operate as a supersedeas on the petitioner filing a bond in the sum of $5,000."

It is true that under section 25c of the Bankruptcy Act the trustee was not required to give bond when he took the appeal or sued out writ of error; but a supersedeas pending the appeal, though an auxiliary, was a separate matter. The appellate court could undoubtedly have reviewed the proceedings, even though appellant had failed to give any bond to supersede the proceedings on a judgment or decree entered against him. Logan v. Goodwin, 104 Fed. 494, 43 C. C. A. 658. Revised Statutes, § 1000 (Comp. St. 1916, § 1660), is the general provision on appeal, for costs and damages, or for costs only, according to whether or not supersedeas is obtained; but we do not think that section 25c, relieving a trustee in bankruptcy from giving bond on appeal or writ of error, relieves him from the obligation to give such a bond as is required (Revised Statutes, §§ 1000, 1007[Comp. St. 1916, §§ 1660, 1666]) of any litigant where supersedeas is desired. In re Barrett (D. C.) 132 Fed. 362. But the order of the District Judge who allowed the appeal imposed no condition with respect to the appeal. The trustee, however, was given the right to have a supersedeas, if he chose to avail himself of such right, by giving the bond specified. McCourt v. Singers-Bigger, 150 Fed. 102, 80 C. C. A. 56.

[4] The appellant argues that there could be no supersedeas, because there was no judgment in existence upon which execution could be issued. But the decree of this court awarded costs and execution, and as a consequence of the stay of proceedings obtained by the bond on appeal to the Supreme Court appellee was kept out of possession of her certificates of stock until final order of dismissal, and also was prevented from having a dismissal of the suit against her, and from collection of accrued costs awarded to her by the decree of this court. In Goddard v. Ordway, 94 U. S. 672, 24 L. Ed. 237, suit in the nature of trustee process was brought against a receiver, who had in his hands certain bonds when the lower court of the District of Columbia ordered the bill dismissed. Upon appeal to the United States Supreme Court, supersedeas bond was given. The appellant moved the Supreme Court for special writ of supersedeas; but the Supreme Court denied the motion, and said:

"A supersedeas upon the appeal of a suit in equity operates to stay the execution of the decree appealed from. When this appeal was taken, the only execution there could be of the decree below was the collection of the costs and the delivery to the defendant of the fund in court, which is the sub-

ject-matter of the litigation. To that end, a further order of the court was asked; but such an order would be in aid of the execution of the decree which has been stayed, and consequently beyond the power of the court to make until the appeal is disposed of. While the court below may make the necessary orders to preserve the fund, and direct its receiver to that extent, it cannot place the money beyond the control of any decree that may be made here, for that would be to defeat our jurisdiction. A supersedeas is not obtained by virtue of any process issued by this court, but it follows as a matter of law from a compliance by the appellant with the provisions of the act of Congress in that behalf. We are not required, therefore, to issue any writ to perfect the right of a party to that which the law has given him."

The decree of this the Circuit Court of Appeals in Harvey v. Stowe was of such a character that, upon dismissal of the suit or proceeding, the main relief sought, the release of the shares of stock held in custody, would have necessarily followed.

[5] Appellant urges that the appeal from the Circuit Court of Appeals to the Supreme Court operated to supersede the decree of this court and that the intermediate decree of this court could embrace nothing to be superseded. This argument cannot stand in the light of the decision of the Supreme Court, which affirmed the decree of the Circuit Court of Appeals. Louisville & Nashville Railroad Co. v. Behlmer, 169 U. S. 644, 18 Sup. Ct. 502, 42 L. Ed. 889, relied upon by the appellant, is to be distinguished, because the real question there involved was whether on appeal to the Supreme Court the provisions of the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379) applied, so that an appeal should not operate as a supersedeas. It was decided that the act was only applicable to appeals from the trial court, and that, where appeal was taken from the Circuit Court of Appeals, the general statutes and rules obtained, and supersedeas was permitted as in other cases. Rule 29 of the Supreme Court (33 Sup. Ct. xxvi) contemplates that supersedeas bonds in the District Courts and the Circuit Courts of Appeal must be taken, and we think it fairly inferable that such rule construes the Revised Statutes as requiring a supersedeas bond in all cases of appeals from the Circuit Courts of Appeal when the decree is "for money not otherwise secured." The distinction is plain between the effect of an appeal upon the power of the inferior court to take further judicial action and the execution of a judgment or decree of the inferior court, which is not suspended unless a supersedeas bond is had. Slaughter House Cases, 10 Wall. 273, 19 L. Ed. 915.

[6] The fact that appellee's costs had not been taxed when the supersedeas bond was given is immaterial. The taxation of costs was a formality; nevertheless it was one of the proceedings suspended or stayed by the bond on which the Casualty Company became surety. Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888.

[7] It is not of special importance that the claim of Mrs. Harvey arose solely out of costs. Moreover, the bond recites the rendition and entry of the decree of this court in Harvey v. Stowe, and it would seem that the obligors are estopped in a proceeding against them to make collateral question of that decree. Dexter-Horton v. Sayward (C. C.) 84 Fed. 296; 2 Cyc. 261.

[8] A supersedeas bond covers any money not otherwise secured, awarded by the judgment or decree appealed from, as well as costs and damages on appeal. Rule 29, U. S. Supreme Court (33 Sup. Ct. xxvi); C. C. A. rule 13 (198 Fed. xxii, 115 C. C. A. xxii); American Surety Co. v. North Packing Co., 178 Fed. 810, 102 C. C. A. 258. In the last case cited, the decree appealed from was for costs only, in favor of the defendant. The Circuit Court of Appeals affirmed the decree, where additional costs were taxed. In a suit on a supersedeas bond, the surety company set up that it was only liable for the limited amount of costs which accrued after appeal; but it was held that the bond operated to stay execution for the costs below, and that the surety was liable for such costs as for a judgment for money not otherwise secured. Fidelity & Deposit Co. v. Expanded Metal Co., 183 Fed. 568, 106 C. C. A. 114.

Kountz v. Hotel Co., 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609, cited by appellant, arose upon a foreclosure of a mortgage. The court held that, inasmuch as the judgment was not for money not otherwise secured, a supersedeas bond in the usual form did not secure the amount of the debt found due by the decree, nor the costs of the original suit, which were part of the decree. Pease v. Rathbun-Jones Eng. Co., 228 Fed. 273, 142 C. C. A. 565.

It results from these views that the bond covers the claim of appellee, and the decree must be affirmed.

Affirmed.