### OEHRING et al. v. FOX TYPEWRITER CO. et al.

(Circuit Court of Appeals, Second Circuit. May 12, 1920.)

#### No. 234.

**Appeal and error ⬤⟿1234(5)—Cost bond on appeal covers costs of trial court.**
    A bond given on appeal, which is not a supersedeas, but what is commonly called a cost bond, but conditioned that appellant "shall prosecute its appeal to effect and answer all damages and costs if it fails to make its plea good," *held* to cover costs of the trial court as well as of the appellate court.

    Ward, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by August J. Oehring and another against the Fox Typewriter Company and the Ætna Casualty & Surety Company. From an order of the District Court, complainants appeal. Reversed.

See, also, 163 C. C. A. 578, 251 Fed. 584; 166 C. C. A. 220, 254 Fed. 774.

Prior to May 26, 1917, the District Court entered a decree in this cause, adjudging the recovery of certain moneys from defendant by plaintiff; the action being the ordinary suit against an infringer of a patent. From this decree defendant appealed to this court, and on such appeal gave a bond in the sum of $500, with the Ætna Company as surety, of which the condition was as follows: "If the said Fox Typewriter Company shall prosecute its appeal to effect, and answer all damages and costs if it fails to make its plea good, then the above obligation to be void; else to remain in full force and virtue."

Upon the appeal this court modified plaintiff's recovery of upwards of $11,000 in some respects, and, as so modified, affirmed the decree, without in any way disturbing the award of District Court costs contained in the decree appealed from. Upon the filing of the mandate in the District Court, plaintiffs made application for the issuance of execution against the surety to recover said District Court costs. Execution against the Fox Typewriter Company, both for the money decree and the costs, had been returned unsatisfied. Upon this application the Ætna Company appeared and urged that the bond in question, not being a supersedeas bond, secured nothing but the costs of the appellate court. The District Court so held, and entered an order to that effect. This appeal followed.

Hans v. Briesen, of New York City, for appellants.

Fred L. Chappell and Chappell & Earl, all of Kalamazoo, Mich., and Philipp, Sawyer, Rice & Kennedy, of New York City, for appellee Fox Typewriter Co.

James B. Henney, of New York City, for appellee Ætna Casualty & Surety Co.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Undoubtedly the bond given was not a supersedeas bond. The discrepancy between the recovery and the security negatived any such inference. Lee v. Jackson, etc., Co. (C. C. A.) 261 Fed. 721. The question submitted, therefore, is whether, when what in this circuit is commonly called a bond for costs on appeal is given, such bond, when in the language of this instrument, affords security for the costs of the trial court, as well as for those of the appellate tribunal. It is well to remember that all costs, trial as well as appellate, are creatures of statute, old as the original statutes may be. This subject is historically treated, amply and interestingly, in Re Rule No. 37, 5 Pet. 724, 8 L. Ed. 288; Day v. Woodworth, 13 How. at page 371, 14 L. Ed. 181; Cameron v. Paul, 11 Pa. 277; Lehigh Valley, etc., Co. v. McFarland, 44 N. J. Law, 674

The nature and history of what are commonly called "supersedeas bonds" in the practice of the United States courts has been set forth in Rederiaktiebolaget Amie v. Universal, etc., Co., 245 Fed. 282, 157 C. C. A. 474. The bond which is the subject of this appeal was given pursuant to what was at its date rule 13 of this court (235 Fed. vi, 148 C. C. A. vi), since October 16, 1918, rule No. 12. This regulation follows in its language rule 29 of the Supreme Court (32 Sup. Ct. xii)

and the obligation of the bond literally follows the language of the rule.

The question whether a bond thus worded, commonly called a cost bond, and never thought to work a supersedeas, covers trial costs, is so far as we know new in this circuit. It is probable that the practical usage of the bar has been in accord with the ruling below. The exact point here argued, however, was presented to the Court of Appeals of the Third Circuit in Fidelity, etc., Co. v. Expanded Metal Co., 183 Fed. 568, 106 C. C. A. 114, and it was there held that a bond, which, not being a supersedeas, left the parties successful wholly at liberty to issue execution, notwithstanding an appeal, did furnish security for costs accrued before it was given; i. e., trial costs. The Fifth Circuit has followed this ruling in a criminal cause (American Surety Co. v. United States, 239 Fed. 680, 152 C. C. A. 514), and the Ninth Circuit has approved it in Pacific, etc., Co. v. Harvey, 250 Fed. 952, 163 C. C. A. 202, and again in Johnson v. United States (C. C. A.) 260 Fed. 783.

A majority of this court incline to approve the reasoning and conclusion of Cross, J., in the Expanded Metal Case, but are strongly of the opinion that, the matter being one of practical construction, as to which uniformity between the several circuits is highly desirable, we should adhere to the ruling now so widely accepted.

It is accordingly directed that the order appealed from be reversed, with costs, and the matter remanded, with directions to grant plaintiff's application.

WARD, Circuit Judge (dissenting). The Circuit Court of Appeals for the Third Circuit in Fidelity Co. v. Expanded Metals Co., 183 Fed. 568, 106 C. C. A. 114, is the first of such courts to construe the concluding words of section 1000, Rev. Stat. (Comp. St. § 1660), "or all costs only where it is not a supersedeas as aforesaid." The construction adopted by that court and approved by the majority opinion is that the words "all costs," in a bond on appeal which is not a supersedeas, cover costs of the lower courts as well as of the appellate court. This being wholly inconsistent with the long-established practice of this circuit, further consideration of the question may be excused.

It is, of course, clear that a supersedeas bond under our rule 12 and Supreme Court rule 29 covers and should cover the costs of both courts; this because the successful party is deprived of his right of issuing execution on his judgment pending appeal and because he should also be secured for his costs on appeal if the judgment be affirmed. But I think that the defeated party has a right to an appeal, if it in no way prejudices the present rights of the successful party and does secure him for his future costs if the appeal fail. It is upon this theory that the practice in this circuit has always been to fix the amount of a bond on appeal, which is not a supersedeas, with reference only to the costs of this court or of the Supreme Court on appeal to it. No attention whatever is paid to the costs of the District Court, which are almost always more than the costs either of the Circuit Court of Appeals or of the Supreme Court. The bond on appeal to this

court, and from the Circuit Court of Appeals to the Supreme Court, is almost invariably in the sum of $250. Of course, if the bond in the Supreme Court is to cover, not only its costs and costs of the Circuit Court of Appeals and of the District Court, such an amount is absurdly inadequate. This very case is typical of the practice. The costs of the District Court were $716.63 and yet the bond on appeal was but for $500, so that it cannot have been intended to cover more than the costs of the appellate court.

Appeals should be as far as possible matters of right, and we ought not to impute to Congress an intention to discourage them, by making it a condition that the appellant shall secure the costs already incurred for which the successful party may issue execution, as well as the costs he may be entitled to in the appellate court, unless the language of the statute compels it. If the bond on appeal covers the costs of the lower court, then it is really a supersedeas as to them, and the successful party should not be allowed both to have a bond and to issue execution pending the appeal.

The Circuit Court of Appeals for the Third Circuit arrives at its conclusion by holding that the words "all costs," in the case of a bond that is not a supersedeas, must be the same costs as are covered by a supersedeas bond, viz. the costs of both courts. Admitting that the words are capable of this construction, they are also capable of being construed as all costs of the appellate court, which as it seems to me better reconciles the protection the successful party should have with the right of the defeated party to an appeal.

Surety companies generally have adopted a form of appeal bond for costs containing the condition that the appellant "shall prosecute its appeal to effect, and answer all damages and costs, if it fails to make its plea good." This is the wording of the bond in this case, and was of the bond in the case in the Third Circuit. It is the language of a supersedeas bond, and the Circuit Court of Appeals for the Third Circuit pointed out that the word "damage" should not have been included. But the real test whether a bond is a supersedeas or for costs only is whether the amount secures the amount of the judgment and costs. The word "damages" is inserted in bonds for costs to cover the damages, which are not costs, awarded in case of appeals taken for delay under our rule 30 (150 Fed. xxxv, 79 C. C. A. xxxv) and Supreme Court rule 23 (32 Sup. Ct. xi).

I think the order should be affirmed.