## LEVITON v. PUGSLEY.

District Court, D. Minnesota, Fourth Division.
Jan. 30, 1932.

Orr, Stark, Kidder & Freeman, of St. Paul, Minn., for defendant.

Schwartz & Halpern, of Minneapolis, Minn., for sureties.

SANBORN, District Judge.

Judgment was entered on April 2, 1930. A motion for a new trial was denied on June 25, 1930. Costs in this court were taxed on July 23, 1930, at $142, and became a part of the judgment of April 2d. On September 29, 1930, the defendant appealed from the judgment,· referring to it as a judgment entered July 23, 1930—being under the impression that no judgment was entered until costs were taxed. The plaintiff, however, did not dismiss her appeal, and the defendant made a motion in the Circuit Court of Appeals to docket and dismiss under rule 16 of the rules of that court, which motion was granted.

The costs in the appellate court have been paid. The only costs for which the defendant asks judgment are those included in the original judgment. The defense urged by the sureties is that the appeal was a nullity, but it is not necessary to determine whether there is any merit in that contention.

It has been held that a cost bond on appeal covers costs in both trial and appellate courts. Fidelity & Deposit Co. v. Expanded Metal Co. (C. C. A. 3) 183 F. 568; Oehring v. Fox Typewriter Co. (C. C. A. 2) 266 F. 682, 12 A. L. R. 718; American Surety Co. v. United States (C. C. A. 5) 239 F. 680; Pacific Coast Casualty Co. v. Harvey (C. C. A. 9) 250 F. 952.

However, in Massachusetts Bonding & Ins. Co. v. Clymer Mfg. Co. (C. C. A. 10) 48 F.(2d) 513, 514, the court said: "It is our conclusion that the phrase 'all costs,' in both supersedeas and cost bonds, includes only the costs in the appellate court. To hold otherwise would require the appellant, who elects to give a cost bond and not to supersede the judgment or decree, to give security for the trial court costs the same as in a supersedeas bond, and to remain subject to execution pending appeal for the enforcement of such judgment as to costs. We do not think Congress intended to so penalize the right of appeal."

It seems to me that that holding is the only logical one. The costs in the lower court become merged in the judgment appealed from. To hold that the cost bond on appeal covered not only the costs in the appellate court, but also that portion of the judgment appealed from which is attributable to costs in the trial court, is to make the bond a sort of hybrid—a partial supersedeas.

Judgment against the sureties is denied.