## UNITED STATES v. FIDELITY & DEPOSIT CO. OF BALTIMORE, MD.

### No. 8285.

Circuit Court of Appeals, Ninth Circuit.

March 8, 1937.

John A. Carver, U. S. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., all of Boise, Idaho, for the United States.

Ezra R. Whitla and Emery T. Knudson, both of Cœur d'Alene, Idaho, for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

December 11, 1931, appellant obtained a judgment against the Spokane International Railway Company for $21,529.65 and $764.53 costs. The railway company appealed from said judgment to this court. To effectuate the appeal, on motion of the appellant railway company, the trial judge, to meet the requirements of title 28 U.S.C. A. § 869, in allowing the appeal entered the further order: "It is further ordered that the defendant upon said appeal shall give a cost bond to be approved by the Clerk of this Court, in the sum of Three hundred dollars ($300.00)." The appellee became surety on the bond on appeal. The condition of the bond is that the railway company "shall prosecute its appeal to effect and answer all damages and costs if it fails to make said plea good, then the above obligation to be void, otherwise to remain in full force and virtue." The judgment of the trial court was affirmed. Spokane International R. Co. v. U. S. (C.C.A.) 72 F. (2d) 440. Upon demand for payment of the costs in the trial court, the surety, appellee herein, declined to pay and this action was commenced to recover $300, the amount of the bond, to apply on the cost entailed in the trial of the case. A demurrer was sustained to the complaint in this language: "The bond sued on is a cost bond on appeal only and not liable for any costs incurred in the trial of the case, and that no costs on appeal are claimed as outstanding and unpaid, and that the bond is not liable for the costs incurred in the trial Court and that by reason thereof said Demurrer should be and the same hereby is sustained." Appellant declining to further plead, judgment was entered

in dismissal, to reverse which judgment this appeal is prosecuted.

Six errors are assigned, all of which may be comprehended in the following statement: The court erred (a) in sustaining the demurrer to the complaint; (b) finding that the bond sued on is a cost bond on appeal only and not liable for the costs incurred in the trial court.

The phrasing of the bond upon the record in this case may not control. If the parties had followed the course marked and form suggested in O'Brien's Manual on Federal Procedure, this case would not be here.

The bond in issue was given pursuant to and to meet requirements of the order of the trial court "as a cost bond on appeal only." The obligation of the bond began with appeal. It had no post facto obligation either by order of court, a rule of court, congressional enactment, or state legislative enactment called to our attention. There was no consideration moving to the appellee for such insurance. There is no express or implied act or conduct of the parties to intimate any thought or interest other than that expressed in the trial judge's orders. The hand of appellant in the collection of the judgment was not stayed. Mohn v. Superior Court, 53 Cal. App. 425, 200 P. 360. The order for the bond was limited to costs, etc., on appeal. It did not operate as a stay. Von Zellen v. Stone, 232 Mich. 568, 205 N.W. 482.

The bond must be read in the light of the law and procedure and the order which directed it to be made, and in view of the purposes to be served. Hughes v. Keith (Mo.App.) 267 S.W. 38; Holladay v. Hodge, 103 S.C. 309, 88 S.E. 282. This is the view of the court in Massachusetts Bonding & Insurance Co. v. Clymer Mfg. Co., 48 F.(2d) 513 (C.C.A.10) and followed by Judge Sanborn in Leviton v. Pugsley (D.C.) 55 F.(2d) 417. The bond thus given on the order of the court "for costs on appeal only" may not be extended by implication or enlarged by construction of the terms of the contract entered into. Compare Crane v. Buckley, 203 U.S. 441, at page 443, 27 S.Ct. 56, 51 L.Ed. 260.

The Third Circuit Court of Appeals in Fidelity & Deposit Company of Maryland v. Expanded Metal Company et al., 183 F. 568, based upon rule 13 of that court and federal rule 28 and federal statute held otherwise. This was followed by the

Circuit Court of Appeals of the Second Circuit in Oehring et al. v. Fox Typewriter Company, 266 F. 682, 684, 12 A.L.R. 718, Judge Ward dissenting. In the majority opinion the court cites this court as having approved that holding in Pacific Coast Casualty Co. v Harvey (C.C.A.) 250 F. 952, 953, and Johnson v. United States (C.C.A.) 260 F. 783, 787. The Fifth Circuit (American Surety Company v. United States [C. C.A.], 239 F. 680, 684) was also cited as supporting such rule. In the majority opinion of the Second Circuit it is said: "The matter being one of practical construction, as to which uniformity between the several circuits is highly desirable, we should adhere to the ruling now so widely accepted." The dissenting opinion appears to us the more elucidating and more in harmony with logic and reason. The cases cited supra from this court do not support the ruling. In Pacific Coast, etc., Co. v. Harvey, supra, the court in allowing appeal also ordered: "That the appeal should operate as a supersedeas upon the petitioner filing a bond in the sum of $5,000." Johnson v. United States was a criminal case and the bond on appeal provided "for the payment of such costs [of the prosecution] in the event of the affirmance of the judgment." The instant case upon the record and issues appears to be distinguished from the cases cited as holding a contrary view.

Affirmed.