EXPANDED METAL CO. et al. v. BRADFORD et al.

(Circuit Court, E. D. Pennsylvania.   March 3, 1910.)

No. 14.

COSTS (§ 246*)—SECURITY—EXTENT OF LIABILITY OF SURETY.
    The surety on a bond for costs on appeal from the United States Circuit Court to the Circuit Court of Appeals is liable, not only for the costs in the Circuit Court of Appeals, but also for those incurred in the court below.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 947-950; Dec. Dig. § 246.*]

Action by the Expanded Metal Company and others against Eugene S. Bradford and others.   Rule on the Fidelity & Deposit Company of Maryland to show why judgment should not be had and execution issued against it as surety on an appeal bond.   Rule made absolute.

Ernest Howard Hunter, for complainants.
Stanley Williamson, for Surety Co.

HOLLAND, District Judge.   This was a rule on the Fidelity & Deposit Company of Maryland to show cause why judgment should not be had and execution issued against it as surety on the appeal bond.   The Fidelity & Deposit Company of Maryland was the surety on the defendant's bond for costs on appeal to the Circuit Court of Appeals.   The bond is in the sum of $500.   The costs in the Circuit Court of Appeals amount to $185, and the costs in the Circuit Court are $257.61.   The total for which the complainant contends the Surety Company is liable is $442.61.   The latter, however, insists that it is only liable for the amount of the costs in the Circuit Court of Appeals, to wit, $185, and that the costs incurred in the court below are not covered by the bond.

There are decisions both ways, but it is not an open question in this District, as Judge McPherson, in the case of Joseph Punter et al. v. Schooner Joseph B. Thomas, 158 Fed. 559, in the District Court, in admiralty (No. 2 of 1904), held that the surety on a bond given on an appeal to the Circuit Court of Appeals is liable for the costs in the court below.   So long as there is no decision to the contrary by the Circuit Court of Appeals of this Circuit, the view taken by Judge McPherson will be followed.

The rule, therefore, is made absolute.   Judgment awarded against the Surety Company for the sum of $442.61, and execution permitted to be issued by the complainant for the collection of the same.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes