## THE ASTORIA.

## THE MARY S.

## CITY OF NEW YORK v. SLAYNE.

### No. A–14436.

District Court, E. D. New York.

May 20, 1941.

William C. Chanler, Corp. Counsel, of New York City (George Seagrave Franklin, of New York City, of counsel), for City of New York.

Thomas A. McDonald, of New York City, for respondent.

MOSCOWITZ, District Judge.

This is a motion made by the respondent to vacate the judgment entered herein in favor of the City of New York against the American Employers Insurance Company in the sum of $250.

The action was in rem brought by the City of New York for salvage services rendered the coal boat Mary S. No stipulation for value was filed herein. The final decree entered on January 20, 1937, decreed that the libellant recover from

the respondent the sum of $200 for salvage services and $30 costs, amounting in all to $230.

On April 28, 1937, the usual cost bond on appeal in the sum of $250 was filed herein; among others it contained the following provision: "The condition of this obligation is such, that if the above named Michael A. Slayne, as Administrator of the Estate of George J. Slayne, owner of coalboat 'Mary S', shall prosecute his appeal to effect and answer all damages and cost if he fails to make his appeal good, then this obligation shall be void otherwise the same shall be and remain in full force and virtue."

The decree on mandate was prepared by the proctor for the City of New York and, in general, followed the language of the final decree entered on January 20, 1937. It also directed that the libellant recover from the respondent and his "stipulators for costs on appeal" the sum of $27.45 costs as taxed in the United States Circuit Court of Appeals. This direction is to the effect that The American Employers Insurance Company, which is the "stipulators for costs on appeal," pay the sum of $27.45. It appears that The American Employers Insurance Company was not the original "stipulators for costs" as described in the decree on mandate.

■ The judgment which was entered herein against the surety can not stand as notice was not given to it as is required by Rule 73(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which reads as follows: "(f) Judgment Against Surety. By entering into an appeal or supersedeas bond given pursuant to subdivisions (c) and (d) of this rule, the surety submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court who shall forthwith mail copies to the surety if his address is known."

■■ The judgment entered herein was ex parte. The proctor for the City of New York raises the question that The American Employers Insurance Company has not made a motion to vacate the judgment, instead the motion is made by Michael A. Slayne, as administrator of the estate of George J. Slayne, owner of the coal boat Mary S. This point is not well taken as Michael A. Slayne, as administrator, etc., will be affected by any judgment rendered against The American Employers Insurance Company; furthermore, the Court on its own motion should vacate a judgment when it appears that it does not comply with the Federal Rules of Civil Procedure.

■ In no event is the City of New York entitled to judgment against the surety in the amount awarded by the final decree. The bond filed is not a supersedeas bond; it is not intended as such. While the bond states that the surety will answer for all damages, that merely meant damages for delay in proceeding with the appeal. See Oehring v. Fox Typewriter Co., 2 Cir., 266 F. 682, 12 A.L.R. 718. The bond filed was merely a cost bond and not a supersedeas bond and was intended to cover costs in the appellate court only. See Leviton v. Pugsley, D.C., 55 F.2d 417; United States v. Fidelity & Deposit Co., 9 Cir., 88 F.2d 793.

Motion to vacate will be granted.

Settle order on notice.