**CENTRAL MANUFACTURING CO. et al., Plaintiffs,**

v.

**B–M–K CORPORATION, Defendant.**

Civ. A. No. 1692.

United States District Court
D. Delaware.

March 10, 1958.

Thomas Cooch, Connolly, Cooch & Bove, Wilmington, Del., C. Earl Hovey, Kansas City, Mo., and Robert I. Lipton, Bryant, Lipton, Strayhorn & Bryant, Durham, N. C., for plaintiffs.

Clarence W. Taylor, Hastings, Lynch & Taylor, Wilmington, Del., Edward B. Beale, Beale & Jones, Irving M. Tullar, Washington, D. C., and E. C. Shapley Highley, Philadelphia, Pa., for defendant.

RODNEY, District Judge.

This matter originally concerned an action of declaratory judgment concerning the validity of a patent. The patent was held invalid. An appeal has been noticed and a bond of $250 has been filed, pursuant to, Fed.Rules Civ.Proc. rule 73(c), 28 U.S.C.A., as set out in the footnote.[1] Costs in the District Court have been taxed by the Clerk at $2,145.30 and no review as to such costs has been taken pursuant to Rule 54(d). The plaintiff, appellee, has filed a motion for an increase of the bond to $2,500 and this is opposed by the defendant, appellant.

The determination of the motion must, in the final analysis, consider the coverage of the bond, i. e., whether the bond covers only the costs incurred in the Court of Appeals or covers as well the costs incurred in the District Court. If the bond should only cover the costs in the Court of Appeals, then the bond of $250 is concededly sufficient. If the effect of the bond on appeal is the coverage

---

1. "Unless a party is exempted by law, a bond for costs on appeal shall be filed with the notice of appeal. The bond shall be in the sum of two hundred and fifty dollars, unless the court fixes a different amount or unless a supersedeas bond is filed, in which event no separate bond on appeal is required. The bond on appeal shall have sufficient surety and shall be conditioned to secure the payment of costs if the appeal is dismissed or the judgment affirmed, or of such costs as the appellate court may award if the judgment is modified. If a bond on appeal in the sum of two hundred and fifty dollars is given, no approval thereof is necessary. After a bond on appeal is filed an appellee may raise objections to the form of the bond or to the sufficiency of the surety for determination by the clerk."

of the costs in the District Court of $2,-145.30, then the bond of $250 as given is obviously insufficient.

Rule 73 of Federal Rules of Civil Procedure concerning appeals to a Court of Appeals provides for two species of bonds, viz., bonds on appeal (subsection (c)), and supersedeas bonds (subsection (d)). The character and coverage of the two classes of bonds differ entirely as to their function and intent. With the latter class (supersedeas bonds), we are not here concerned except incidentally as contrasted with the cost bond on appeal.

Because no case has been found discussing the coverage of a bond on appeal under Rule 73(c) and because such coverage was not entirely uniform under the Statute, prior to the adoption of the Rule, some discussion of the former coverage may not be inappropriate.

The original Judiciary Act of September 24, 1789 [2] provided for bonds in cases of writs of error with no distinction as to the amount or condition of said bonds between the cases where the appeal did not operate as a stay of execution and cases where a supersedeas was desired. This distinction was added by the Act of December 12, 1794.[3] Later amendments [4] exempted the United States from the necessity of giving bonds on appeals or writs of error prosecuted by the Government.

Since the cases in this Third Circuit, hereinafter discussed, arose under the language of Sec. 1000 of Revised Statutes of 1873, (28 U.S.C. § 869 in later codifications), as set out in the footnote,[5] attention will be directed thereto.

In The Joseph B. Thomas, D.C.1908, 158 F. 559, it was held that in an Admiralty proceeding in forma pauperis, an appeal bond, though voluntarily given,

covered costs in both the trial and appellate courts. This case was followed in Expanded Metal Co. v. Bradford, C.C. 1910, 177 F. 604. The latter case was affirmed under the name of Fidelity & Deposit Co. of Maryland v. Expanded Metal Co., 3 Cir., 183 F. 568, 569.

In Fidelity & Deposit Co. of Maryland v. Expanded Metal Co., the Court noted that the statute provided that when the bond was to act as a supersedeas, the condition was that the obligor, if he fails to make his plea good, shall answer for "all damages and costs", but where it does not act as a supersedeas, he should answer "all costs only". The Court stated

> "It seems clear that the phrase 'all costs,' as used in the two clauses of the section, refer to and include identically the same costs, so that, if the costs of the lower court are covered by a bond which acts as a supersedeas, they are likewise covered by a bond which does not act as a supersedeas * * *."

The Court held that under the cited statute and under the then existing Rule 13 of the Circuit Court of Appeals,[6] the appeal bond (not supersedeas) covered costs both in the Court of Appeals and in the Court below.

The case of Fidelity & Deposit Co. of Maryland v. Expanded Metal Co., supra, was followed by American Surety Co. v. U. S., 5 Cir., 1917, 239 F. 680; Pacific Coast Casualty Co. v. Harvey, 9 Cir., 1918, 250 F. 952; Johnson v. United States, 9 Cir., 1919, 260 F. 783, 787.

In Oehring v. Fox Typewriter Co., 2 Cir., 1920, 266 F. 682, 684, 12 A.L.R. 718, the Court seems to have given a qualified approval. The Majority of the Court stated

2. 1 Stat. 85.

3. 1 Stat. 404.

4. 12 Stat. 657 and 15 Stat. 226.

5. "Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the Government, take good and sufficient

security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

6. 150 F. XXVIII, 28 U.S.C.A.

"The majority of this court incline to approve the reasoning and conclusion of Cross, J., in the Expanded Metal Case, but are strongly of the opinion that, the matter being one of practical construction, as to which uniformity between the several circuits is highly desirable, we should adhere to the ruling now so widely accepted." Ward, J., dissented.

The holding of the Fidelity & Deposit Co. case was disapproved or not followed in Massachusetts Bonding & Ins. Co. v. Clymer Mfg. Co., 10 Cir., 1931, 48 F.2d 513; Leviton v. Pugsley, D.C.Minn.1932, 55 F.2d 417; United States v. Fidelity & Deposit Co. v. Baltimore, 9 Cir., 1937, 88 F.2d 793; The Astoria (City of New York v. Slayne), D.C.E.D.N.Y.1941, 1 F.R.D. 742. See later discussion of this case.[7]

This Court would, of course, be bound by the conclusion reached by the Court of Appeals of this Circuit in the Expanded Metal Co. case, supra, if the Statute there construed was still in force and the Rule of Court there relied on was still in existence. Neither of these facts exist. The Statute (Revised Statutes Sec. 1000 or 28 U.S.C. Sec. 869 in later codification) was repealed by Act of June 25, 1948, effective September 1, 1948 (62 Stat. 869, 992, 993), and the Reviser's Notes stated that since the subject came more properly under a rule rather than a statute, no amendment to Title 28 would be proposed. The present Rule 13 of the Court of Appeals merely adopts the language of Rule 73 of F.R.C.P.

The result then is that the coverage of an appeal bond from a District Court to the Court of Appeals must be ascertained solely from the language of Rule 73. An ordinary appeal is governed by Rule 73 (c) and a supersedeas bond is governed by 73(d). A supersedeas is a suspension of the power of the Court below to issue an execution on the judgment appealed from.[8]

Rule 73(c) by its first sentence expressly covers only "costs on appeal". The third sentence concerns the condition of the bond, stating

"the bond on appeal shall have sufficient surety and shall be conditioned to secure the payment of costs if the appeal is dismissed or the judgment is affirmed, or of such costs as the appellate court may award if the judgment is modified."

The distinction in the condition of the bond seems obvious. Of course, the appellate court should, in general, determine the correct judgment the court below should have rendered. If the appeal be dismissed or judgment affirmed thereby leaving the judgment below in effect, the costs of appeal should be paid by the unsuccessful appellant but it might be otherwise if the judgment be reversed or otherwise modified for the appellant does not pay for the error of the court below.

In 7 Moore's Federal Practice, Sec. 73.19, Page 3171, it is said

"Reading the first and third sentences of subdivision (c) together invites the conclusion that a bond conditioned in the terms of Rule 73(c) does not cover costs in the district court."

For this is cited City of New York v. Slayne, D.C.E.D.N.Y.1941, 1 F.R.D. 742.

I am in accord with the conclusion reached but am not so sure that the authority cited applies to Rule 73(c). The cited case is not easy to understand. It was clearly an Admiralty proceeding and Rule 81 F.R.C.P. says such Rules do not apply to Admiralty proceedings. While the opinion is dated in 1941, after the adoption of the Federal Rules, the opinion itself considered a later phase of the case but the bond on appeal from the

---

7. Interesting and instructive discussion of the development of the law of costs may be found in "Rule 37"—5 Pet. 724, 30 U.S. 724; Lehigh Valley R. Co. v. McFarland, 44 N.J.L. 674; and of supersedeas bonds in Kountze v. Omaha Hotel Co., 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609.

8. Hovey v. McDonald, 109 U.S. 150, 3 S. Ct. 136, 27 L.Ed. 888.

District Court to the Court of Appeals was given in 1937 before the adoption of the Federal Rules and I presume the liability of the bond would be considered in the light of the law then existing. The conclusion as to the construction of Rule 73(c) reached by Professor Moore is also arrived at in Ohlinger's Federal Practice, Vol. 3A, Sec. 3.2, Page 631.

In addition to the literal reading of the language of Rule 73(c) as showing that the coverage of an ordinary appeal bond (as distinguished from a supersedeas bond) would not cover costs in the trial court, other reasons prompt the same conclusion. While the Court may fix a larger amount, the amount of the bond is normally fixed at $250 and when given in this amount, no approval is necessary. Clearly, this amount is fixed with regard to the amount of costs to be covered. While the stipulated amount may cover the costs of the appeal, yet the trial costs in almost every instance greatly exceed this amount as shown by the facts of this case.

The costs of the trial court, upon judgment rendered, follow that judgment or are merged in it. In the absence of a supersedeas bond (under 73(d)), the prevailing party below may issue execution against the defendant on his judgment and collect both judgment and costs. Even though the judgment be six cents and the costs substantial, they both may be collected by execution. Indeed, I assume if the judgment be merely for costs, such costs may be collected by execution. Certainly they can in the State of Delaware in which this Court sits.[9]

If the ordinary bond on appeal (not supersedeas) covers the costs of the trial court, then to such extent the ordinary cost bond either becomes what Leviton v. Pugsley, supra, calls a "hybrid supersedeas", preventing the prevailing party below from collecting costs by execution or such prevailing party below has a double remedy for collection of the costs below and this remedy against different partys—either a collection from the losing party by execution and also a right against the surety on the appeal bond.

I am of the opinion that under Rule 73 (c) the bond on appeal covers only appellate costs and does not cover the costs in the District Court. The motion therefore to increase the appeal bond from $250 to $2,500 must be denied and an appropriate order may be submitted.

9. Woolley on Delaware Practice, Secs. 388 and 1001.