UNITED STATES, for the use of TERRY INVESTMENT COMPANY, dba Terry Lumber Company of Lancaster, Plaintiff,

v.

UNITED FUNDING AND INVESTORS, INC. dba U.F.I., Inc; Continental Construction Corporation; Garrett R. Quintana, Sr.; and Garrett R. Quintana, Jr., Defendants.

No. CV–F–90–675.

United States District Court,
E.D. California.

Sept. 22, 1992.

---

Ralph M. Bobik, Tarzana, Cal., Dale A. Ortmann, Ronald E. White, Hunt, Ortmann, Blasco, Palffy and Rossell, Pasadena, Cal., for plaintiff.

Garrett R. Quintana Sr., Garrett R. Quintana Jr., Santa Fe, N.M., in pro per.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO POST A SUPERSEDEAS BOND

COYLE, Chief Judge.

This case arose as a breach of contract claim by plaintiff Terry Investment Company. In December, 1991, this court granted summary judgment for plaintiff, and later entered judgment of approximately $140,000 in favor of plaintiff. Defendants Garrett Quintana Sr. and Garrett Quintana Jr. appealed to the Ninth Circuit. Plaintiff (appellee above) now moves for an order requiring defendants to post a supersedeas bond with the district court.

Upon due consideration of the parties' arguments, the court now denies plaintiff's motion for an order compelling defendant to post a supersedeas bond. The court further orders defendants to post a cost bond in the amount of $500.00 with this court.

## I. BACKGROUND

On December 18, 1991, this court granted summary judgment for plaintiff. The court subsequently entered judgment for the sum of $98,762.14, plus $32,013.75 as pre-judgment interest, plus $10,801.50 in attorney's fees, plus interest to accrue from the date of the judgment at a rate of 10% per annum.

On March 10, 1992, defendants Garrett Quintana Sr. and Garrett Quintana Jr. filed a Notice of Appeal with the Ninth Circuit. They did not apply for a stay of judgment, and were not required to post a supersedeas bond with the circuit court.

Plaintiff has investigated defendants' assets, and has testified to the court that defendants have no assets in the state of California. According to plaintiff, the bulk of defendants' assets are in New Mexico and Texas. Plaintiff testified that it has tried to enforce the judgment in those states, but has been denied certifications of judgment for registration because of the pending appeal in the Ninth Circuit.[1]

Plaintiff has now moved for an order requiring defendants to post a supersedeas bond with this court. Plaintiff claims that, because of its inability to enforce the judgment, there has been a de facto stay on the judgment meriting the enforcement of a supersedeas bond. Defendants respond that the district court does not have the power to issue a supersedeas bond, except upon motion for a stay of judgment by defendants. Defendants further contend that, given their financial situation, imposition of a supersedeas bond would amount to an impermissible penalty for filing an appeal.[2]

---

**1.** There is no federal rule or local rule, either in the Eastern District of California or in New Mexico, which would preclude enforcement in another jurisdiction while a case is on appeal. In fact, the rules anticipate that a judgment will be enforced, absent a stay, during appeal. *See* F.R.App.Pro. 8; Wright and Miller, *Federal Practice and Procedure*, v.11, § 2905, at p. 329; *cf.* Local Rule 151, E.D.Ca., "Security"; Local Rules, District New Mexico, Civil Procedure, § 7, 'Judgments'; § 8, 'Provisional and Final Remedies'.

**2.** Since the court has decided this case on other grounds, the court does not reach the issue of whether imposition of a supersedeas bond would amount to an unconscionable penalty. However, it is worth noting that a district court may not impose a supersedeas bond where that bond would preclude defendants from pursuing an appeal. *See e.g. In re American President Lines*, 779 F.2d 714, 718, n. 38 (and cases cited

At oral argument, plaintiff moved in the alternative for imposition of a cost bond in accordance with F.R.App.Pro. 7.

## II. THIS COURT'S AUTHORITY TO ENFORCE A SUPERSEDEAS BOND

■ When a party files for appeal, it may move for a stay of judgment under F.R.C.P. 62(d).[3] In granting the stay, the district court may require appellants to post bond "at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Former F.R.C.P. 73(d);[4] *see also Prudential Insurance Company of America v. Boyd,* 781 F.2d 1494, 1498 (11th Cir.1986);[5] *Redding and Company v. Russwine Construction Corporation,* 417 F.2d 721, 727 (D.C.Cir.1969). If the appellant does not file for a stay, the appellee may enforce the judgment at any time, even during the pendency of the appeal. *See* Wright and Miller, *Federal Practice and Procedure,* Vol. 11, § 2905, at p. 329.

Here, appellant has not moved for a stay under Rule 62(d); however, plaintiff contends that other jurisdictions will not enforce the judgment, thereby creating a de facto stay in favor of appellants. Plaintiff argues that this de facto stay, effected without the posting of a bond, gives appellants the opportunity to move assets in order to avoid judgment.

Rule 62(d) nowhere expressly provides that the district court may, of its own accord or on motion from appellee, order appellant to post a supersedeas bond. In fact, the language of Rule 62 provides that discretionary power regarding stays is left to the *court of appeals,* which may "make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." F.R.C.P. 62(g); *see also Powell v. Maryland Trust Co.,* 125 F.2d 260, 273 (C.A.Va. 1942), *cert. denied,* 316 U.S. 671, 62 S.Ct. 1046, 86 L.Ed. 1746 (1942). Though Rule 62(c) provides that counsel must first apply to the district court for relief where an injunction is at issue, only Rule 62(g), which leaves discretion to the appellate court, speaks more generally of *any* action by the court which may "preserve the status quo".[6] Thus, the Federal Rules of Civil Procedure seem to anticipate that discretionary matters like the one currently before this court be left in the hands of the court of appeals.

Fed.R.App.Pro. 8 similarly requires that counsel first apply to the district court for a stay or for approval of a supersedeas bond, but anticipates situations where "application to the district court for the relief

---

therein); *In re Farrel Lines,* 761 F.2d 796, 797–798 (D.C.Cir.1985) ("it is well established that an appellant who fails to furnish a supersedeas bond does not thereby lose his right to appeal"); *cf. North Carolina v. Pearce,* 395 U.S. 711, 724, 89 S.Ct. 2072, 280, 23 L.Ed.2d 656 (1969) ("a court is without right to ... put a price on appeal." [citations omitted] )

**3.** F.R.C.P. 62(d) provides,
    When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of the filing of the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

**4.** In 1968, with the advent of the Federal Rules of Appellate Procedure, Rule 73(d) was formally rescinded. "Rule 8(b) of the Federal Rules of Appellate Procedure has superseded but not annulled that former Rule, and the law thereunder. Hence the law as above stated has lost none of its validity or vitality." *Tully v. Kerguen,* 304 F.Supp. 1225, 1227 (D.C.Virgin Islands 1969); *see also Tennessee Valley Authority v. Atlas Machine and Iron Works,* 803 F.2d 794, 799 (4th Cir.1986).

**5.** The court there reasoned that "the purpose of the supersedeas bond is to maintain the status quo while protecting the non-appealing party's rights pending appeal. It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor."

**6.** For a more detailed explanation of the connection between Rule 62(c) and Rule 62(g), *see* Wright and Miller, *Federal Practice and Procedure,* Vol. 11, §§ 2904–2908.

sought is not practicable, or [where] the district court has denied an application." F.R.App.Pro. 8(a).[7] In these situations, Rule 8 provides that counsel shall apply to the court of appeals for the requested relief.

■ Finally, F.R.App.Pro. 7 provides that the district court may require appellant to file a bond to insure payment of costs on appeal. However, subsequent cases make clear that Rule 7 bonds are to be strictly limited to the costs of filing and proceeding with a case in the court of appeals. A bond under Rule 7 may not include attorney's fees, and may not be used as a surety against the original judgment. *See In re American President Lines, Inc.,* 779 F.2d 714 (D.C.Cir.1985); *Central Mfg. Co. v. B–M–K Corp.,* 160 F.Supp. 318 (D.Del.1958).

The Ninth Circuit has stated, in broad terms, that the district court maintains power to preserve the status quo during the pendency of an appeal. However, the Circuit has only used such broad language in cases involving injunctions. *See e.g. Lamothe v. Atlantic Recording Company,* 847 F.2d 1403 (9th Cir.1988) (appeal from district court's denial of preliminary injunction). As noted above, under the letter of F.R.C.P. 62 and F.R.App.Pro. 8, the district court has greater flexibility in enforcing or denying injunctions than in granting motions for posting of security.

Ultimately, given the limitations imposed by these rules, the district court does not have the power to grant a supersedeas bond, except pursuant to an appellant's motion to stay. However, the district court does have the power to impose a cost bond to insure payment of fees on appeal. *See* F.R.App.Pro. 7; E.D.Cal. Local Rule 151.

ACCORDINGLY IT IS ORDERED that plaintiff's motion for an order compelling defendants to post a supersedeas bond is denied. It is further ordered that defendants Garrett Quintana Sr. and Garrett Quintana Jr. shall post a cost bond in the amount of $500.00 with this court.

---

7. F.R.App.Pro. 8 provides,
   (a) Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond ... must ordinarily be made in the first instance in the district court. A motion for such relief may be made in the court of appeals, or to a judge thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied the application ...
   (b) Relief available in the court of appeals under this rule [i.e. a stay] may be conditioned upon the filing of a bond or other appropriate security in the district court ...