Manchester Mfg. Acquisitions v. Sears CV-91-752-SD  06/04/96

UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEW HAMPSHIRE


<u>Manchester Manufacturing</u>
 <u>Acquisitions, Inc., et al.</u>


        v.                                    Civil No. 91-752-SD


<u>Sears, Roebuck & Co., et al.</u>



                         O R D E R


     This order addresses the issues raised by certain pending

motions.[1]



1.  <u>Plaintiffs' Motion to Clarify and/or Modify Judgment,</u>

<u>document 227</u>

     This motion, to which defendants object (document 230), must

be read and considered in conjunction with defendants' motion to

clarify and/or modify judgment (document 228).  Plaintiffs have

_____

     [1]As of this writing, there pends a motion filed by
defendants seeking to bar plaintiffs' applications for writ of
execution and/or other enforcement procedures until judgment
becomes final herein.  Document 235.  As the time for plaintiffs'
response thereto has not as yet expired, the instant order does
not address the issues raised by this motion.

concurred in part and objected in part to the latter motion.[2]

In its order of April 11, 1996, the court, in relevant part, referring to its order of January 4, 1996 (document 195, at 17, 18), directed the clerk of court to prepare and enter an order of judgment, which was to include interest computed in accordance with such order. Document 224, at 7. Unfortunately, the judgment order entered on April 12, 1996, merely made reference to a New Hampshire statute concerning interest, without setting forth a computation of the amount of such interest. Document 226. The motions at issue seek to amend the judgment to set forth the specific components of interest to be added.

Counsel are in agreement that prejudgment interest under the applicable law of New Hampshire terminates as of the date of the return of verdict, which was here November 21, 1995. See New Hampshire Revised Statutes Annotated (RSA) 524:1-b;[3] Eastern Mountain Platform Tennis, Inc. v. Sherwin-Williams, 40 F.3d 492, 504 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 2247 (1995). They vigorously dispute the starting date and the rate

---

[2]Plaintiffs have also moved to file a replication to the defendants' opposition to the plaintiffs' motion to clarify and/or modify judgment. Document 231. That motion is granted, and the court has considered the replication submitted therewith.

[3]RSA 524:1-b provides for interest to be added to damages computed "from the date of the writ . . . to the date of . . . verdict."

2

of computation of such interest as it applies to the verdict returned here under the New Hampshire Blue-Sky Law, RSA 421-B.

Plaintiffs point to the language of RSA 421-B:25, II, in which damages are to include "the actual damages sustained plus interest from the date of payment or sale, costs and reasonable attorney's fees." Id. As the date of sale of the business was December 29, 1988, plaintiffs seek an award of interest running from such date.

Defendants argue that interest should not commence to run until the date of the amended complaint, November 30, 1992. But the statutory language above quoted is not affected by the actual date of commencement of the litigation--it runs from "the date of . . . sale." Accordingly, the starting date for computation of prejudgment interest under the Blue-Sky Law Claim is December 29, 1988.

Turning to the argument over the rate of interest, defendants here rely on a September 1, 1995, amendment to the New Hampshire statute which sets the rate of interest. Prior to that date, the statute simply computed interest on judgments at an annual rate of ten percent. RSA 336:1.

The 1995 amendment directed the state treasurer "on or before the first day of December in each year" to set the rate of interest on judgments "as the prevailing discount rate of

3

interest on 52-week United States Treasury bills at the last auction thereof preceding the last day of September in each year, plus 2 percentage points, rounded to the nearest tenth of a percentage point." RSA 336:1, II (Supp. 1995). The rate so established is to "be in effect beginning the first day of the following January through the last day of December in each year." Id.

Claiming the new rate to be in effect as of the date of verdict on November 21, 1995, defendants argue that the rate should be computed at 7.2 percent. This argument overlooks the clear language, which sets the commencement of the newly computed rate as "the first day of the following January"; i.e., January of 1996. The court finds that the interest rate here to be applied is the annual 10 percent rate of interest set by RSA 336:1 which was in effect as of the date of verdict on November 21, 1995.

Defendants also argue that, as interest was an element of damages computed by the jury, any amount of additional interest would be duplicative. This argument comes too late, as defendants neither sought by medium of proposed special verdicts nor by argument prior to return of verdicts that the interest element of damages should be separately allocated by the jury. Moreover, the double-counting argument is but a different version

4

of the argument previously rejected by the court in its order of January 4, 1996.  Document 195, at 18.

Finally, the court is satisfied that the jury was correctly instructed that, if available, consequential damages included interest payments made and due on promissory notes given by the plaintiffs known to or reasonably foreseeable to the defendants. Grubb v. FDIC, 868 F.2d 1151, 1164-65 (10th Cir. 1989).

2.  Plaintiff's Motion to Require Supersedeas Bond to Stay Judgment, and, Alternatively, as Condition of Appeal, document 233

Defendants have filed a timely notice of appeal, but have not moved for a stay of execution of judgment, nor have they offered to furnish a bond in support of such stay.  They are Canadian residents, and the relevant laws of the Province of Quebec apparently do not permit exemplification and collection of a foreign judgment if an appeal is pending.  4 QUEBEC CIVIL CODE § 3155(2).

Accordingly, plaintiffs move the court for an order directing defendants to furnish a supersedeas bond.  The defendants object.  Document 236.  The court concludes that it lacks the power to mandate the furnishing of such supersedeas bond.

5

When an appeal is filed in a federal court, the appellant _may_ move for a stay of judgment pursuant to Fed. R. Civ. P. 62(d).[4] That rule, however, does not provide that the district court may, sua sponte or on motion from an appellee, order that appellant post a supersedeas bond. <u>United States f/u/o Terry Investment Co. v. United Funding & Investors, Inc.</u>, 800 F. Supp. 879, 881 (E.D. Cal. 1992). Rather, Rule 62 leaves discretionary power concerning stays to the court of appeals, which may "make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." Rule 62(g), Fed. R. Civ. P.; <u>Terry Investment</u>, <u>supra</u>. Similarly, Fed. R. App. P. Rule 8(a) contemplates application to the court of appeals for relief in circumstances like those here presented. <u>Id.</u> at 881, 882.

Accordingly, the motion to require a supersedeas bond must be denied.[5]

---

[4]Rule 62(d), Fed. R. Civ. P., provides that on the taking of an appeal an appellant, by giving a supersedeas bond, may obtain a stay subject to certain exceptions not here relevant. Such bond may be given at or after the time of filing the notice of appeal, and the stay is effective when the supersedeas bond is approved by the court.

[5]The result herein reached renders unnecessary consideration of the defendant's further arguments that the law of New Hampshire bars attempts to execute on a judgment pending appeal.

6

## 3. Conclusion

For reasons outlined, the court has granted plaintiffs' motion to clarify and/or modify judgment and has denied plaintiffs' motion to require a supersedeas bond.  The clerk of court is directed to amend the judgment entered on April 12, 1996 (document 226) by altering paragraph 3 to read as follows:

> The special verdict questions returned on November 21, 1995, for the plaintiffs against defendants Dylex Limited, Dylex (Nederland) B.V., 293483 Ontario Limited, Mac Gunner, and Estate of Kenneth Axelrod on the violation of New Hampshire Blue Sky Law in the amount of $2,385,000 and on the claim of fraudulent misrepresentation in the amount of $523,500 plus prejudgment interest pursuant to N.H. RSA 524:1-b, with said interest to run from December 29, 1988, on the Blue-Sky Special Verdict pursuant to N.H. 421-B:25, II, computed at ten percent (10%) per annum as set forth in the former RSA 336:1.  However, the total verdicts are to be offset by the $750,000 settlement plus prejudgment interest, but interest on the settlement amount is to be offset from October 19, 1995, as outlined in Senior Judge Shane Devine's Order dated January 4, 1996.

In all other respects, the judgment of April 12, 1996, is to remain in effect.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 4, 1996

7

cc: Randall F. Cooper, Esq.
John L. Putnam, Esq.
Steven J. Kantor, Esq.
Kenneth H. Merritt, Esq.
James P. Bassett, Esq.
Eugene J. Kelley, Jr., Esq.