## In re: HERITAGE BOND LITIGATION.

Gilbert Kivenson; David Sinow; Howard Preston; Landgon Parrill; Barrett Anderson; Laurence Pilgeram; Scott McKenry; Ralph Allman; Plaintiffs–Appellees.

Bruce R. Talley, Appellant,

v.

U.S. Trust Corporation N.A.; U.S. Trust Company of Texas N.A.; Valuation Counselors, Inc.; Healthcare Financial Solutions; Zelenkofske Axelrod & Co., Ltd.; O.V. Bertolini; Donald B. Chalker; Stephen P. Goodman; Evan Greenspan; Andrew Kornreich, Deceased, Estate of; Cary Medill; Emery Rubin, Deceased, Estate of; Larry A. Rubin; Herbert Saltzman; Marshall Wexler; Jerold Goldstein; Michael Sobelman; Virgil Lim; Clarke Underwood; Bistra & Munkacs Holdings Inc.; JDDJ Holdings LP; Health Care Holdings LLC; Carecontinuum LLC; Louis Pontarelli; William Filippone; Leo Dierkman; Allan Pollak; Geri Ostlund; Richard Kuhl; James E. Iverson; Victor P. Dhooge; John M. Clarey; James F. Dlugosh; Edward J. Hentges; Kenneth R. Larsen; Jerome E. Tabolich; Steven W. Erickson; Joel T. Boehm; Sabo & Green; Atkinson, Andelson, Loya Ruud, & Romo; Capital Consulting Group Inc.; Berman & Bertolini Inc., a/k/a Berman & Associates; Sobelman Cohen & Sullivan LLP; Bistra &

Munkacs Holdings Inc.; Paul R. Ek-holm; Kenneth E. Dawkins; Loya Ruud & Romo; Fulbright & Jaworski; Wildman Harrold Allen & Dixon, Defendants.

and

Robert A. Kasirer; Debra Kasirer, Defendants–Appellees.

No. 05–56621.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2007.*

Filed May 8, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Barry, Esq., Los Angeles, CA, Daniel S. Sommers, Esq., Cohen, Milstein, Hausfeld and Toll, P.L.L.C., Washington, DC, for Plaintiffs–Appellees.

Robert Scott Dreher, Esq., Dreher Law Firm, Jennifer L. Hamilton, Esq., Dreher Law Firm, San Diego, CA, for Appellant.

Hill Farrer & Burrill, LLP, Easton & Schiff, F.X. Sean O'Doherty, Gates O'Doherty Gonte & Guy, Steven H. Schwartz, Esq., Schwartz & Jansen, David Schwarcz, Law Offices of David R. Schwarcz, Richard D. Gluck, Esq., Fairbank & Vincent, William Mcd. Miller, III, Esq., Musick Peeler & Garrett, LLP, Roman P. Mosqueda, Esq., Los Angeles, CA, Mark P. Epstein, Esq., Poeschl Kohn & Epstein, LLP, Oakland, CA, Francis M. Gregorek, Esq., Wolf Haldenstein Adler Freeman & Herz, Kevin W. Alexander, Esq., Brett M. Middleton, Esq., Gordon & Rees, LLP, Charles R. Grebing, Esq., Wingert, Grebing, Anello & Brubaker Goodwin, LLP, Douglas M. Butz, Esq., Butz Dunn Desantis and Bingham, San Diego, CA, Arthur C. Chambers, Esq., Law Offices of Arthur C. Chambers, San Francisco, CA, Steven R. Skirvin, Dion–Kindem & Crockett, Woodland Hills, CA, Dennis Neil Jones, Esq., Myers, Widders & Gibson, Ventura, CA, Barnes & Thornburg, Indianapolis, IN, Leon Small, Atrium Building, Encino, CA, Diane L. Dragan, Esq., Daniel J. Albregts, Ltd.,

Las Vegas, NV, Arnold D. Woo, Esq., for Defendants.

Gary Kurtz, Law Offices of Gary Kurtz, Woodland Hills, CA, for Defendant–Appellee.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY,\*\* District Judge.

## MEMORANDUM \*\*\*

Bruce R. Talley ("Appellant") appeals the district court's order imposing a $228,000 bond for the appeal of an order barring his claims following the settlement of a class action involving a complex investment fraud scheme. Appellant now argues that the district court imposed an improper appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure ("Rule 7") because such bonds may not include prospective attorney's fees absent a fee-shifting statute awarding attorney's fees to a prevailing party as "costs." The order will be vacated and the case remanded to the district court.

In the mid–1990s, several entities joined to develop a series of fraudulent bond offerings. One of the principals of these offerings was Appellant's employer, an underwriting firm, for which Appellant worked as a bond trader. It was eventually revealed that the principals had been embezzling the funds from these bond investments and had lied about the nature of the offerings. Appellant claimed to have been unaware of his employer's improper

---

\*\* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conduct. Appellant's employer filed for bankruptcy and Appellant's clients discontinued their business relationships with him.

An investor lawsuit (*"Betker"*) and several class action lawsuits (the "Class Actions") were filed and eventually removed to federal district court where they were consolidated for discovery purposes under the caption of *In re Heritage Bond Litigation*. Appellant, initially a defendant in the *Betker* case, filed a cross-claim for indemnity and contribution against his employer's principals as co-defendants. Appellant also filed a Complaint in San Diego Superior Court against several of the defendants from the *Heritage Bond* action and others for several state law claims, including fraud. These claims were eventually dismissed without prejudice when settlement discussions began in the *Heritage Bond* action.

Four months after the dismissal, Appellant filed another lawsuit in state court solely for damages, omitting his prior claims for indemnity and contribution found in his former cross-claim.[1] Appellant was dismissed from the *Heritage Bond* action after he settled his dispute in the *Betker* case. Meanwhile, the remaining litigants in *Betker* agreed to settle and filed a Motion for Approval of Settlement, Good Faith Determination and Bar Order. Appellant challenged the scope of the Bar Order, as it precluded his state law claims. The district court granted the Motion and entered the Bar Order barring Appellant's claims. Later, the litigants of the Class Actions also agreed to settle and filed identical motions, which were granted over Appellant's similar opposition. Thereafter, Appellant appealed these Bar Orders.

Appellees requested that Appellant post an appeal bond pursuant to Rule 7 to secure their costs on appeal. The district court imposed such a bond, and, over Appellant's objection, included prospective attorney's fees. The court then doubled the amount of the bond because it found Appellant's appeal to be frivolous, bringing the total amount to $228,000. The issue on appeal is whether a Rule 7 bond may include attorney's fees that the district court believes the appellate court will assess against Appellant for a frivolous appeal.

The only issue present before this court is the amount of an appeal bond, and accordingly, we review that for abuse of discretion. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001).

■ Rule 7 provides that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Generally, Rule 7 does not authorize a district court to impose a bond that includes attorney's fees as "costs." *U.S. for Use of Terry Inv. Co. v. United Funding and Investors, Inc.*, 800 F.Supp. 879, 882 (E.D.Cal.1992). However, attorney's fees may be included if there is an applicable fee-shifting statute in the underlying action that defines "costs" to include attorney's fees. *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1336–37 (11th Cir. 2002). The mere existence of a fee-shifting statute is not sufficient to include attorney's fees in a Rule 7 bond. Rather, the statute must specifically define "costs"

---

1. Appellant filed a Complaint in San Diego Superior Court alleging claims for breach of fiduciary duty, negligence, interference with economic advantage, avoidance of fraudulent transfer, unfair business practices, constructive fraud, and employee indemnity for both declaratory relief and damages.

to include attorney's fees. *See id.* at 1333–34.

The district court stated that the Private Securities Litigation Reform Act ("PSLRA"), and not the statutory provisions underlying Appellant's arguments on appeal, governs the Class Actions. We agree. As Appellant's underlying appeal concerns the district court's approval of the *Heritage Bond* settlements and Bar Orders, we look to the PSLRA to determine whether there is a provision for prevailing party fees that defines "costs" to include attorney's fees.

The district court found that language of the PSLRA[2] contemplates that a successful plaintiff's attorney's fees may be awarded so long as such fees do not exceed a reasonable percentage of the ultimate recovery to the class. However, these sections do not mention or refer to "costs" or "prevailing parties," let alone specifically define "costs" to include attorney's fees. As such, these sections are not fee-shifting statutes defining "costs" to include attorney's fees.

■ Appellees contend that Appellant's appeal of the Bar Orders should be dismissed for his failure to make a good faith proffer of any amount of the appeal bond. Dismissing an appeal for failure to post an appeal bond is within the discretion of the appellate court. *Hargraves v. Bowden,* 217 F.2d 839, 840 (9th Cir.1954). Dismissal is proper where the appellant demonstrates a flagrant disregard of the order. *Id.* Here, the district court acknowledged that Appellant would likely be unable to pay the fees included in his bond. Moreover, Appellant demonstrated diligence in seeking to reduce the bond amount by filing requests for reconsideration and a

stay pending his appeal of the bond amount. As such, dismissal for failing to proffer the bond would be inappropriate under these facts.

■ For the reasons stated above, we find that the district court abused its discretion by including anticipated attorney's fees in the Rule 7 bond without an applicable fee-shifting statute defining "costs" as including such fees. Accordingly, the order is VACATED AND REMANDED with instructions to set an appropriate appeal bond that does not include prospective attorney's fees.

---

2. 15 U.S.C.A. §§ 77z–1(a)(6) and 78u–4(a)(6) state, "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C.A. §§ 77z–1(a)(6), 78u–4(a)(6).